REED, Defendant in Error, v. PRICE *et al.*, Plaintiffs in Error.

1. An action to recover damages for trespass to land can be maintained upon possession alone. Where the possession of the plaintiff is admitted, the defendant may put in issue his possessory right, but to sustain such a defence he must show a superior right in himself or in another under whom he claims. If the defendant be a mere intruder he can not, the plaintiff's possession being admitted or proven, show a want of title in the plaintiff.
2. Where the plaintiff, in an action for trespass to land, claims in his petition ownership and possession, and the possession is admitted or proven, the defendant, if he be a mere intruder, can not be permitted to introduce evidence to show a want of title in the plaintiff in mitigation of damages.

*Error to Cole Circuit Court.*

This was an action against Thomas L. Price and others to recover damages for an alleged wrongful entry upon a certain lot in the city of Jefferson, " of which the plaintiff then was and still is in possession and owner," and the building of an embankment thereon. The plaintiff alleges special damages. The embankment was built in the construction of the Pacific railroad. The defendants, by their answer, put in issue the alleged ownership of plaintiff, but did not deny the possession. At the trial plaintiff proved his possession, and introduced

evidence tending to prove that the damages to the lot were as alleged in the petition. The defendants introduced evidence with a view to show that the trespass complained of was no injury to the lot, but a benefit, the embankment on it being part of the Pacific railroad. This evidence showed no special benefit to said lot other than the general enhancement of value resulting to all real estate along the line of the road from the construction of the road. This evidence was admitted against the objection of plaintiff. The defendants then offered to prove that plaintiff, at the time of the commission of the alleged trespass, had no title whatever to said lot, had none before, and none since, and has been and is a trespasser upon the same, the title being in one David B. North, in whose favor an action of ejectment was pending in the Cole circuit court, the trial term of which was the term at which the trial in this cause was proceeding. This evidence was excluded.

The court, at the instance of the plaintiff, instructed the jury as follows: "1. It is admitted that the defendants, without leave, placed the embankment mentioned in the petition on the lot mentioned therein. 2. It is admitted that the plaintiff was, at the time of the commission of the alleged [trespass] and at the time of the commencement of this suit, in possession of said lot."

The court gave the following instruction at the instance of the defendants: "1. Damages are given as compensation, recompense or satisfaction to the plaintiff for an injury actually received by him from the defendants. They should be precisely commensurate with the injury, neither more nor less. The jury ought, therefore, in assessing the damages in this case, to give no more than will compensate the plaintiff for the injury he has received. If he has received no injury in fact, they ought to give nominal damages."

The following instructions asked by the defendants were refused: "2. In ascertaining the extent of the injury in fact, the jury ought to look to all the circumstances sur-

rounding the property presented in the evidence and affecting the extent of the injury. 3. The plaintiff, having proved no title in this case but the mere possession, can recover only for the injury to the possession, if any, between the time of the commission of the trespass and the commencement of this action; that is, from the month of May, 1855, when the injury is alleged to have been committed, to the 14th of April, when the action was commenced."

The jury found for plaintiff.

*Gardenhire*, for plaintiff in error.

I. Evidence that the plaintiff had no title and was himself a trespasser, ought to have been admitted. To maintain trespass there must be a possession, and a right to that possession. (9 Cow. 39; 1 N. & M. 356; 4 Yates, 218; 11 Conn. 60; 6 Rand. 556; 2 Brown, 106; 4 Watts, 377; 1 Johns. 511; 4 Pick. 305; 4 Bibb, 218; 2 Hill, S. C., 466; 1 Har. & J. 295; 8 Mass. 411; 6 Mo. 583.) It must be a *lawful* possession. The courts will not assist one trespasser against another. Possession is *prima facie* sufficient. It is presumed to be lawful and consistent with the right of the owner, but it may be shown in defence to be otherwise. If not, wrong creates right; the trespasser having no right to the property injured, yet has a right to damages for an injury done to it. And more, the owner has a right to the same damages, and the recovery by the trepasser can not bar his recovery. Under such a rule the last trespasser would be liable to double damages. This can not be so where the possession of the plaintiff is lawful, and consistent with the right of the owner. In such cases, the trespasser is liable to the party in possession for the injury to the possession, and to the owner for the injury to his reversionary interest.

II. But if the evidence was not admissible in defence, it certainly was in mitigation of damages. If the law will assist one trespasser against another, it certainly will not give him damages beyond the injury to his wrongful posses-

sion. Possession is all he has to be injured, and to give him damages beyond this would be to offer a premium for trespass and pay a bonus for wrong. It would place a trespasser in a better condition than a tenant in lawful possession. While the latter is only permitted to recover for the injury to his possession, the former would be permitted to recover for the injury to the whole estate, and for no better reason than that he had wrongfully put himself in possession of it. The third instruction ought to have been given. The damages ought to have been confined to the injury to the possession.

*Parsons*, for defendant in error.

I. It was admitted by the pleadings that the plaintiff was in the possession of the premises at the time of the commission of the injuries complained of. He had therefore the right to maintain his action for such injuries. (1 Chitty's Pl. 176.) The appellants in this case set up no license to enter from any person claiming an outstanding title; they are therefore to be treated as strangers; hence there was no error committed by the court in refusing to permit them to show an outstanding title in another party; in fact no such defence was set up in their answer. For the same reason the appellants' third instruction was properly refused. The defendant's second instruction was only calculated to mislead the jury, this court having heretofore decided that direct and peculiar benefits only can be taken into consideration in the assessment of damages done to the landholder in the building of roads. (Newby v. Platte County, 25 Mo. 276.) The instruction directing the jury to look to all the circumstances surrounding the property could have meant nothing more than to authorize the jury to consider the fact that the railroad was constructed near by it. The first instruction asked by the appellants, and which was given by the court, put the question of damages fairly to the jury, and a verdict having been returned for much less amount than was claimed in the petition, it ought not to be disturbed.

EWING, Judge, delivered the opinion of the court.

The possession of the plaintiff being conceded, and the defendant claiming no title to the premises or license from the owner to enter, the question is whether evidence of want of title in the plaintiff was admissible.

The law has been too long and too well settled to render it necessary to cite authorities in support of the position that possession is sufficient to maintain an action of trespass. In this action the defendant may dispute the plaintiffs' possessory right, by showing that the title and possessory right are vested in himself or another, under whom he claims or whose authority he has. But if the plaintiff prove possession merely, that will suffice, if the defendant can not show a superior right in himself or another under whom he can justify. It is true the plaintiff must prove such a lawful possession as the defendant had no right to disturb, but any possession is a legal possession as against a wrongdoer. (Graham v. Peak, 1 East, 246; Lambert v. Strakin, Willes, 219; Cottoirs v. Cowper, 4 Taunt. 546; 3 Metc. 242; First Parish in Shrewsberry v. Smith, 14 Pick. 303.) In the case last cited the general principle and reasons upon which the doctrine rests is well stated by Chief Justice Shaw, in delivering the opinion of the court. He says: "There are many cases were acts have been done intended to constitute a good and valid title, where grants have been made and titles transferred, but where, through negligence, ignorance or mistake — especially where corporations, public bodies and official agents are concerned — such titles can not be legally proved. Upon a close investigation a flaw in the title would be discovered. If a lawful owner, in whom the legal title remains, chooses to interfere and set up his legal claims, the law, in consistency with its own rules in regard to the transmission of title, may be compelled to admit his claim. But if such owner, upon considerations of propriety, equity and conscience, chooses to acquiesce and permit the party in possession to retain that possession notwithstanding any defect of

title, by what rule of law, of equity, or sound policy, can a mere stranger be allowed to interfere and by his own act violate the actual and peaceable possession of another, and thereby compel him to disclose a title, in the validity or invalidity of which such stranger has no interest?"

But it is insisted, in the second place, that if the evidence was not admissible *in defence*, it should have been received in mitigation of damages. The instruction asked on this point and refused is, in substance, that the plaintiff, having proved no title but the mere possession, can recover only for the injury to the possession, if any, between the time of the commission of the trespass and the commencement of the action. It is not perceived upon what principle the evidence would be admissible for one of these purposes and incompetent for the other. Such an instruction, and the rule of damages it prescribes, would have been entirely consistent with the evidence which was excluded, but was clearly inadmissible in any other view of the question. If, therefore, the evidence was inadmissible and properly excluded, the instruction was erroneous. The error of the instruction consists in assuming the right of the plaintiff to have been a *mere possessory* one, and in excluding the idea of title. If the plaintiff had been a mere tenant, then the rule of damages laid down in the instruction would have been proper, because, as the interest was only a possessory one, the injury could not go beyond that. But such a rule is wholly inapplicable to this case. Because the plaintiff proved a mere possession, it did not follow that the damages should have been restricted to an injury to the possession. The question of title was not necessarily in issue; for possession was sufficient to maintain the action; and the plaintiff's possession having been admitted, and the question of title not having been put in issue by any form of defence that was admissible, the instruction was wrong in assuming that, because possession only was proved, there was no title in the plaintiff, and therefore damages could be given only for an injury to the possession. The plaintiff had not only the possession,

but *prima facie* title also; and this presumption of title arising from possession not having been rebutted by the defendant, how could he say that he was liable to respond in damages for an injury to the possession merely? The case, therefore, stands upon the same ground in respect to the measure of damages as any case where all the elements of a perfect title—namely, possession, right of possession, and the right of property—concur in a party plaintiff suing in trespass.

The instructions given laid down the proper rule with respect to damages.

The judgment will be affirmed. Judge Scott did not sit. Judge Napton dissents.