CHARLES S. RANNELS by his Curator R. M. RENICK, Appellant, *vs.* DAVID WATSON RANNELS, *et al.*, Respondent.

1. *Lands and land titles—Trespassers—Title by occupancy—Color of title.*—A mere trespasser can acquire title only to that portion of a tract which he occupies ; to maintain an action against parties trespassing on another part of the tract, he must have actual possession of a part of the tract with color of title to the whole.

2. *Lands and land titles—Limitations, Statute of—Occupancy—Color of title—Writings and acts in pais.*—Whatever title would authorize a party in possession of a part of a tract to maintain an action against a wrong-doer on the balance of the land, would be a sufficient color of title under the Statute of Limitations against the real owner ; and this color of title may be created by an instrument of writing or by an act *in pais* without writing.

3. *Land and land titles—Color of title—Acts in pais.*—Where a man made a verbal gift of a defined tract of land to his sister, had it surveyed for her, and pnt her into the possession under this survey and the description in his own deed, *Held*, she was in possession of the whole tract under color of title.

*Frank J. Bowman,* for Appellant.

108

If Chas. S. Rannels made a parol gift of the premises in question to Mary D. Rannels, then by operation of law an estate at will—no other and no greater estate—was thereby vested in Mary D. Rannels, and she became and was a tenant at will of Chas. S. Rannels, and as such tenant could not hold adversely to him. (W. S., 665. Wash. on Real Prop. 144 note 1; Cole vs. Roe, 39 Mo., 411; Jackson Exdem Van Allen vs. Rogers, 1 Johnson's cases 341.)

The relation of landlord and tenant may be created by implication, and the law will in general imply the existence of a tenancy wherever there is an ownership of land on the one hand and an occupation by permission on the other; and rent is not essential, for from favor or other cause a tenancy may be created without a reservation of rent. (Tayl. Landl. and Ten. p. 13, § 19; id., § 14, p. 10.)

The tenant cannot dispute the title of the landlord. (Greno vs. Munson, 9 Vernr., 39.)

The cases decided in the States of Vt. Mass. and Conn., as to party holding adversely under parol gift do not apply, as the statutes of those states differ widely from our own. By the statutes of Vermont and Connecticut such parol gift would be simply void. (Comp. Stat. of V. I. Chap. 64, Section 1, page 389; See Gen. Stat. of V. I., 1863, Section 1, Chap. 66, p. 452; Stat. of Conn. 1835, Title, 40, § 1, Chap. 59, § 29, Rev. Stats. of Mass. 1836.)

"Estate at Will" and "Tenancy at Will," are identical. Every estate at will by implication of law is a tenancy at will. (Kents Com., 5th Ed., p. 100.)

When the relation of landlord and tenant is once established, it attaches to all persons who succeed to the possession of the premises through or under the first tenant. (Taylor on Ejectment and Adverse Enjoyment, page 208.)

The claim of title must be adverse to that of the claimant and not in any manner subservient to the title of the latter; and to make the possession of a party a bar in the action of ejectment, strict proof is necessary that it was hostile in its inception. (Kirk vs. Smith, 9th Wheat pp. 254, 555; Tayl.

Eject. and Adv. Enj. Chap. 49, p. 874–5; Brandt vs. Ogden, 1 Johns. 156 ; Jackson vs. Parker, 3 John's cases 124; Jackson vs. Sharp, 9 Johns, 163.

*Glover and Shepley,* for Appellant.

I. The defendants never had any right to the premises in dispute, except a tenancy at will. (1 W. S., 655, § 1.)

As the defendants always claimed by an oral gift, and by livery of seizin only, they claimed a tenancy at will, and no possession in connection with such a claim could be adverse.

An oral gift is not color of title, because the law declares its legal effect to be a tenancy at will, and it does not purport to give title, but the contrary. In order to put the statute of limitations in motion in order to make the possession of defendants adverse, they should have claimed, not under an oral gift, the meaning of which is a tenancy at will, but independent of the oral gift, that is, they should have claimed title and repudiated any oral gift and tenancy at will.

The entry of defendant having been as tenant at will, was not adverse to Charles S. Rannells until a claim of title was set up by defendants. (Jackson vs. Parker, 3 John. cas., 124; Brandt vs. Ogden, 1 Johns., 156 ; Den vs. Edmondson, 1 Iredell, 152 ; Chilton vs. Niblett, 3 Hump., 404 ; Jackson vs. Van Allen, 1 John. cas., 34.)

Color of title is said to be "some written instrument like a deed, levy of execution, decree of court or the like, in which the piece is described by metes and bounds." (3 Washb., 124; City vs. Gorman, 29 Mo., 593 ; Fugate vs. Pierce, 49 Mo., 441; Shackleford vs. Bailey, 35 Ill., 391 ; Jackson vs. Camp., 1 Cowan, 605 ; Haynes vs. Jones, 2 Head., 372.)

If the tenancy at will was color and claim of title, nothing but an actual possession would oust the true owner, Charles S. Rannells. As to so much then of the tract as defendants failed to show themselves in the actual possession of for 10 years Charles S. Rannells remained in possession all the time. (McDonald vs. Schneider, 27 Mo., 405; Griffith vs. Schmendeman 27 Mo., 412 ; City of St. Louis vs. Gorman, 29 Mo.,

603 ; Miller vs. Shaw, 7 S. & R., 129 ; Barr vs. Gratz, 4 Wheat., 224.)

The defendants could not take title by means of having possessed a certain portion of the tract, unless they showed what portion it was. (Adams Eject., 582, 585 ; Doe vs. Campbell, 10 John., 477.)

An adverse possession must be notorious, continuous and exclusive. (Fugate vs. Pierce, 49 Mo., 441.)

*B. Duke and Dryden & Dryden,* for Respondents.

I. A written conveyance is not necessary to give color of title.

An entry is by color of title when it is made under a *bona fide* claim to a title existing in another, whether the claim rest .n matter of *parol* or in writing. (Ang. on Lim., 437, § 26 ; McCall vs. Neely, 3 Watts, 72 ; Hunter vs. Parsons, 2 Bailey, .59 ; Jackson vs. Whitbeck, 6 Cow., 632.)

A holding by one who enters under a parol gift of land, will be sufficient to give him an effectual title against the donor. (3 Washb. on Real Prop. 143, 144 ; Sumner vs. Stevens, 6 Metc., 338.)

ADAMS, Judge, delivered the opinion of the court.

This was ejectment for a tract of land near Laclede Station on the Pacific Railroad in St. Louis County.

The plaintiff showed a clear paper title in himself, and the defendants stood upon the Statute of Limitations.

The evidence conduced to show that the plaintiff purchased the land in dispute for the express purpose of giving it to his sister, Mrs. Mary Eliza Rannells, wife of D. Watson Rannells, and mother of the other defendants. That he bought the land and took a deed in fee to himself, in which the land in dispute was described by metes and bounds, and that he showed the land to his sister and she was pleased with it, and thereupon the land was surveyed, and under this survey and the description in the deed the plaintiff made a verbal gift of the land to his sister and put her into possession ; or rather, before taking actual possession, a house was built for her into which

she and her family moved, and remained there up to her death in 1857, and the family consisting of the defendants, have re mained there ever since. That she and they occupied the house, and exercised open and notorious acts of ownership over the remainder of the tract up to her death; and the remainder of her family since her death.

The evidence showed that the defendant had maintained possession for more than ten years before the commencement of this suit.

The instructions given and refused raised the only questions that have been discussed by counsel, and which we are called upon to consider, that is whether the verbal gift and delivery of possession under the same by the plaintiff to his sister, constituted a color of title to that portion of the tract of land not enclosed nor in actual possession, so as to put in force the Statute of Limitations.

A mere trespasser who enters upon land without any pretense of title, cannot by any contrivance such as surveying the land and claiming it to the boundaries of such survey, extend his possession beyond his actual enclosure. Such a wrong doer would have no right of action against other trespassers on the same tract outside of his enclosure. To maintain an action against outside trespassers there must be actual possession of a part of the tract, with color of title to the whole. In my judgment whatever title would authorize a party in possession of a part of a tract to maintain an action against a wrong doer for a trespass on the remainder of the land, would be a sufficient color of title under the statute of limitations as against the real owner. It is not necessary that this color of title should be created by deed or other instrument of writing. It may be created by an act *in pais* without writing. In Mc-Call vs. Neely, 3 Watts, 69, Judge Gibson said, " the words, 'color of title' do not necessarily import the accompaniment of the usual documentary evidences, for though one entering by a title depending on a void deed would certainly be in by color of title. It would be strange if another entering under an erroneous belief that he is the legitimate heir of the

person last seized, should be deemed otherwise, and it would be stranger still if his allienee were deemed to have more color of title than he had himself. To give color of title therefore, would seem not to require the aid of a written conveyance, or recovery by process and judgment, for the latter would require it to be the better title. I would say that an entry is by color of title when it is made under a *bona fide* and not pretended claim of title existing in another."

The Supreme Court of Indiana, in Bell vs. Longworth, 6 Ind., 273, denied the right of a mere intruder to extend his possession beyond the limits of his actual enclosure; holding however, that a conveyance was not necessary to give color of title, that court says: "But when a party is in possession pursuant to a state of facts which of themselves show the character and extent of his entry and claim, the case is entirely different, and such facts whatever they may be in a given case, perform sufficiently the office of color of title. They evidence the character of the entry and the extent of the claim, and no colorable title does more." And the same doctrine was afterwards maintained by that Court in Vancleave vs. Milliken, 13 Ind., 105. See also Sumners vs. Stevens, 6 Metc. (Mass.,) 337; Ashley vs. Ashley, 4 Gray, (Mass.,) 197; Angel on Limitations, 406.

In the City of St. Louis vs. Gorman, 29 Mo., 593, cited and relied on by the learned counsel for appellant, Judge Scott did not mean to be understood that a deed or other written instrument was necessary to create color of title. He was very careful not to convey that idea. His language imports that there may be cases where color of title is conveyed without writing. He sums up in these broad and comprehensive terms: "When we say a person has color of title, whatever may be the meaning of the phrase, we express the idea at least that some act has been previously done or some event transpired, by which some title good or bad, to a parcel of land of definite extent, has been conveyed to him." In the case under review, there was an act performed *in pais* by which color of title was conveyed by the plaintiff to his sister. He made her a verbal gift of a

8 MO—LII.

defined tract of land, had it surveyed for her, and put her into the possession under this survey and the description in his own deed. This was equivalent to livery of seizin at common law, whereby a freehold estate was conveyed without any writing whatever. But the statute of frauds declares that the ancient conveyances by parol or livery of seizin, shall have the force and effect of leases, or estates at will only, and shall not either in law or equity be deemed or taken to have any other or greater force.

The statute does not declare such parol gifts to be leases at will, but that they shall have no other or greater force. They have not the nature of a tenancy at will. The owner's possession, unlike that of a tenant at will, is adverse to that of the true owner from its very inception. But the estate created has no other or greater force than a tenancy at will, because the donor may at any time put an end to the gift by asserting his legal rights just the same as the lessor can in a tenancy at will. Still until the donor resumes the possession, the donee is there as owner as to all the world except the true owner. By the verbal gift and livery of seizin there was a complete transmutation of the possession, so as to enable the donee to maintain an action against all persons invading any part of the premises, except the rightful owner. This in my judgment was a sufficient color of title. I am not satisfied that the statute of limitations of 1847, to quiet land titles, enacted a different rule than what prevailed before in regard to color of title. I am inclined to think it was only declaratory of what the law was, and has been since its passage. In arriving at these conclusions, I have not overlooked the cases of Fugate vs. Pierce, 49 Mo., 441; and Crispin vs. Hannivan, 50 Mo., 536, where Judge Bliss seemed to intimate that there could be no color of title except by deed or some other instrument of writing. The judgments of the court were right in those cases, but the learned Judge indulged in some language of the import referred to, which must be restricted to the cases before him, and as not having a general application. He certainly did not mean to have it understood that in all cases a writing was ne-

cessary to create color of title. The cases before him did not require him to pass upon that point, and I am therefore persuaded that he did not mean to be so understood.

Let the judgment be affirmed. The other Judges concur.