GAINES *et al.*, *Appellants*, v. SAUNDERS *et al.*

1. **Color of Title :** ADVERSE POSSESSION. Where a defendant in an execution denies the validity of the sale of land thereunder and subsequently enters on and holds the premises adversely, the patent and deeds under which he held before the sale are sufficient to give color of title in aid of such adverse possession.

2. ———— : GOOD FAITH OF OCCUPANT. Those claiming adversely under color of title must enter and occupy the land in good faith claiming the whole tract, relying on the color of title as being the legal title.

3. ———— : ———— : QUESTION OF FACT. Whether one who claims land adversely under color of title entered and occupied the same in good faith, relying on the color of title as being the legal one, is a question of fact for the jury.

4. **Color of Title.** The evidence in this case held sufficient to authorize the court to declare that the color of title extended defendants' possession to the entire tract of land in suit.

5. **Evidence :** PAYMENT OF TAXES. The assessment to a party and payment by him of taxes are evidence on the question of the good faith of another in entering upon land under color of title, in the light of other circumstances tending to show a disclaimer of title by the latter.

*Appeal from Caldwell Circuit Court.*—HON. JAMES M. DAVIS, Judge.

REVERSED.

*H. C. McDougal* for appellants.

(1) After the sheriff's sale his patents and deed could give John Middaugh no color of title. *Hunter v. Ayres*, 15 B. Monroe, 210; *Mylar v. Hughes*, 60 Mo. 111. Although an owner of real estate may suffer it to remain unoccupied for any number of years, yet his title draws with it the possession until the adverse possession begins. *Douthitt v. Stinson*, 63 Mo. 275; *Turner v. Baker*, 64 Mo. 218. (2) The court erred in refusing plaintiffs' offer to prove that the land had been assessed to and in the name of William Middaugh from 1865 to date. *Turner v. Hall*, 60 Mo. 271; *Clement v. Perry*, 34 Ia. 564; *Washburn v. Potter*, 17 Minn. 364. (3) John Middaugh could not claim to hold under color of title beyond the limits of the patent which covered the particular forty acres on which he had placed the improvements. *Nearhoff v. Addleman*, 31 Pa. St. 279; *Mylar v. Hughes*, 60 Mo. 111. Color of title must be acquired and the possession taken in good faith, otherwise the statute of limitations is no bar or defence against the legal title or possession. *Hamilton v. Boggess*, 63 Mo. 233; *Crispen v. Hannovan*, 50 Mo. 536; *Mattison v. Ausmuss*, 50 Mo. 551; *Mylar v. Hughes*, 60 Mo. 105; *Larrimore v. Minot*, 43 Ga. 282; *Livingston v. The Peru, etc., Co.*, 9 Wend. 511; *Ware v. Johnson*, 55 Mo. 504; *Sixton v. Hunt*, 20 N. J. Law, 487; *Richardson v. Talman*, 44 Mich. 379; *Harrold v. Bacon*, 36 Mich. 1.

*Ramey & Brown* and *J. F. Harwood* for respondents.

(1) The question of the good faith of John Middaugh was a question of fact and was found by the trial court in favor of defendants and will not be re-opened here. *Hamilton v. Boggess*, 63 Mo. 233. (2) The ruling

of the court in refusing the proof that the land had been assessed to William Middaugh could not have prejudiced plaintiffs. Besides the assessment of taxes could have nothing to do with the only two questions involved, viz: color of title and statute of limitations. (3) The patents and deed gave John Middaugh color of title. *Wright v. Mattison,* 18 How. 56; *Bernal v. Glenn,* 33 Cal. 676; *McCall v. Neely,* 3 Watts, 72; *Abbercrombe v. Baldwin,* 15 Ala. 372. When a party is in possession under circumstances which of themselves show the character and extent of his entry and claim, such facts, whatever they may be in a given case, perform sufficiently the office of color of title. They evidence the character of the entry and the extent of the claim, and no color of title does more. *Rannels v. Rannels,* 52 Mo. 108, 113; *Vancleve v. Milliken,* 13 Ind. 105; *Bell v. Longworth,* 6 Ind. 273; *McCall v. Neely,* 3 Watts (Pa.) 69; *Crispen v. Hannovan et al.,* 50 Mo. 536; *Hughes v. Israel,* 73 Mo. 538; *Hamilton v. Boggess,* 63 Mo. 233; *Fugate v. Pierce,* 49 Mo. 441.

NORTON, J.—This suit is by ejectment to recover the possession of three hundred and sixty acres of land in Caldwell county. The answer is a general denial and also sets up the statute of limitations as a bar to plaintiffs' action. The trial was had before the court without the intervention of a jury, and resulted in a judgment for defendants, from which plaintiffs have appealed to this court. It appears from the record that John Middaugh had acquired title to the land in dispute in 1853 and 1855, by virtue of patents issued to him by the United States and by virtue of a deed from Reed, another patentee. That in 1859 and 1860 a number of judgments were rendered against said Middaugh by the circuit court of Caldwell county, upon which executions were issued in 1863, which were levied on the land in controversy, and it was sold to one Smith Adams who received a

sheriff's deed therefor in 1864; that in 1865 Adams sold and conveyed the land to William Middaugh ; that William Middaugh in 1868 conveyed the land to one Baubie in trust to secure the payment of certain notes therein described ; that in 1878 this deed of trust was foreclosed, the land was sold and conveyed to one Armstrong Beattie, the ancestor of the plaintiffs in this suit. The various deeds above referred to put the title in plaintiffs, and to overthrow their title the defendants put in evidence, which tended to show that in 1868, and after the sale by the sheriff to Adams, and the execution of the deed by Adams to William Middaugh, that John Middaugh was advised by Loan and Bassett, two attorneys at law, that the sale and deed made by the sheriff to Adams did not affect his title, and thereafter set up claim to the land, which was then wild and uncultivated, and in May, 1869, built a frame dwelling house on forty acres of the land in dispute, and during the summer enclosed a yard around the house and in 1870 or 1871 enclosed about thirty-five acres of the same forty ; that this was all the land enclosed ; that said John Middaugh continually occupied the said house and enclosure, and continually claimed and exercised over all the land in controversy the usual acts of ownership from the date of his entry in May, 1868, claiming that the sheriff's deed was void, until he conveyed the same to defendant, Rogers, in 1873, who thereafter continued such claim and possession ; that during all this time William Middaugh *well knew* of such claim and possession and that the possession was open, notorious and exclusive.

Evidence was offered by plaintiffs in rebuttal tending to prove that the possession of John Middaugh had not been continuous ; that William Middaugh, after his purchase from Adams, claimed the lands ; that John Middaugh had full knowledge of such claim, and resisted the same. Plaintiffs also offered to show that the land in controversy had always, from 1865, been assessed for

taxes in the name of William Middaugh, which evidence
the court excluded on defendants' objection. This ac-
tion of the court is assigned for error. Evidence was
also offered tending to show that in a proceeding in
bankruptcy John Middaugh disclaimed having any
claim or interest in the land, and that he also in a suit
instituted by the material man who furnished the
lumber to build the house erected by said John, dis-
claimed title to the land. There was also evidence
showing that in 1871 William Middaugh mortgaged the
land in dispute to defendant, Rogers, to secure a debt
due him from said William.

The court, after instructing that the various deeds
put in evidence in chief by plaintiffs invested them with
title, and that they were entitled to recover, unless de-
feated by adverse possession of John Middaugh and de-
fendant, Rogers, gave for plaintiffs, among other
instructions not necessary to be noticed, the following
instruction, viz:

"4. The plaintiffs having the legal title, the legal
seisin and possession followed the title, and defendant,
Jarvis S. Rogers, setting up an adverse possession
against such legal seisin and possession based upon the
proof of his own possession tacked to that of John Mid-
daugh, commencing May, 1839, must show to the satis-
faction of the court that John Middaugh had color of
title to the land in controversy at the time of his entry
in May, 1869, that he entered and occupied said lands in
in good faith, claiming the whole tract, relying on his
color of title as being the legal title to the same; that
his possession from the time of his entry was a visible,
notorious, and continuous adverse possession in good
faith under such claim, and right and color of title; and
that defendant, Jarvis S. Rogers, continued a possession
of like character after he acccepted deeds from John;
the two possessions tacked making the period of ten

years before the first day of October, 1879, otherwise the statute of limitations is no bar or defence against such legal seisin or possession."

Objection is made to the action of the court in refusing instructions five and six asked by plaintiff, and inasmuch as the same objection applies to the action of the court in giving two instructions asked by defendant, in order to avoid repetition we omit those refused and insert those given for defendant which are as follows :

"The court declares the law to be that the patent from the United States and the deed from Reed to John Middaugh are sufficient color of title, upon which to base an adverse possession under the statute of limitations, and if the court finds that defendant and those under whom he claims have had the actual, exclusive, open, notorious, continuous and adverse possession as against the plaintiffs and those under whom they claim, of any part of said lands in question, claiming the whole tract under such color of title for ten whole years next prior to the first day of October, 1879, then such adverse holding would vest the absolute title in the defendant and the finding must be for the defendant."

"If the defendant, Rogers, and those under whom he claims title to the lands in controversy, had, prior to the bringing of the first suit of Eliza J. Beattie, *et al.*, against these defendants, been in actual, open, notorious and adverse possession of the lands in controversy, or any part thereof under claim and color of title to the whole for more than ten years, the plaintiff cannot recover."

These instructions are objected to on the specific ground that, after the sale and sheriff's deed to Adams, the patents and deed held by John could not and did not give him color of title, even though he had been advised by counsel that his title was unaffected by said deed, and even though William Middaugh who claimed under the sheriff's deed well knew that John claimed said

deed to be void, and that he relied on the title acquired by his deed and patents, and entered into the possession of the land and occupied under such claim, thus challenging William to try his title. The validity of the sheriff's deed was the very question in dispute between them. John claimed it to be void, and relied upon his deed and patents to protect him in his possession and claim, of which William was fully advised. We are satisfied that under the above circumstances the court properly declared that the deed and patents were sufficient color of title upon which to base adverse possession. That those claiming adversely under color of title, must enter and occupy the land in good faith claiming the whole tract, relying on color of title as being the legal title, is well settled law, and was fully recognized by the trial court in the instruction given for plaintiffs above quoted. As to whether the entry and claim in this case was so made by John Middaugh was a question for the triers of the fact, and as there was evidence upon which to submit the question, we are not at liberty to substitute ourselves for the triers of the fact, and re-try it on the evidence. *Hamilton v. Boggess*, 63 Mo. 233.

It is, also, insisted that inasmuch as John Middaugh held a deed to one parcel of the land and two patents to two other parcels, that his color of title only extended his possession to the tract on which the house was built and the field was enclosed. The land in question was a contiguous body, lying in sections six and seven, and the evidence tends to show that when John Middaugh took possession he had the entire body of land surveyed, fenced the north side of the southwest quarter of section six, built a house and enclosed about thirty-five acres in section seven, claiming the sheriff's deed to be void, and all the land embraced in his patents and deed. This we think was sufficient to justify the court in instructing that the color of title extended his possession to the entire body

of land in suit. *Rannels v. Rannels*, 52 Mo. 108; *Hughes v. Israel*, 73 Mo. 538.

On the trial plaintiffs offered evidence to show that the land in controversy had been assessed for taxes to William Middaugh from the year 1865 to date of trial. This evidence was rejected and in this we think the court committed error. The assessment of the land and payment of taxes by William, and non-assessment of the land to John, and non-payment of taxes by him, in the light of other circumstances tending to show a disclaimer of title, were important in considering the question of the good faith of John in entering on the land. *Turner v. Hall*, 60 Mo. 271.

Judgment reversed for error above noted and cause remanded, in which all concur.