F. J. BARBARICK, Appellant, v. A. P. ANDERSON *et al.*, Respondents.

Kansas City Court of Appeals, May 11, 1891.

Trespass: TITLE: POSSESSION. Possession of land is sufficient to maintain an action of trespass; but the defendant may dispute plaintiff's possessory right by showing that the title and possessory right are vested in himself.

*Appeal from the Gasconade Circuit Court.*—HON. I. W. BOULWARE, Special Judge.

AFFIRMED.

*W. S. Pope*, for appellant.

The plaintiff having been in the actual possession of the land under color of title for a number of years can maintain trespass, even against the legal owner who has never been in possession. *Ware v. Johnson*, 55 Mo.

500; *Chapman v. Templeton*, 53 Mo. 463; *Fitch v. Gosser*, 54 Mo. 267; *Watts v. Louris*, 81 Mo. 236; *Lindenbower v. Bentley*, 86 Mo. 575; *Brown v. Hartzell*, 87 Mo. 564.

No brief for respondents.

SMITH, P. J.—This was an action brought by plaintiff against defendants before a justice of the peace, under the statute, Revised Statutes, section 3921, to recover damages for trespass.

The case was removed to the circuit court by appeal, where there was a trial, by consent, before the court, and where the plaintiff proved that he had been in possession of said land for eight years under color of title; but it was admitted that the deed under which he claimed was void on its face—it was admitted by the plaintiff that the defendants were the legal owners of the land in suit, but had never been in the possession of the same. It was then admitted by the defendants that they had cut and carried away from said lands timber of the value of $5, against the objection and protest of the plaintiff. It was also admitted that, before the plaintiff took possession of the land, it was wild and uncultivated, and that he put a part of the land in cultivation and had the tract surveyed, but that the land from which the timber was cut was uninclosed.

The plaintiff then asked the court to declare the law as follows: "1. The court declares the law to be that if it appears from the evidence that the defendants were never in possession of the land mentioned in the suit, and that they took timber from the said lands without permission of the plaintiff, and that he was in possession of the said lands at the time of the taking of such timber, then the verdict will be for the plaintiff, for such sum as it appears from the evidence, he has reasonably sustained damage, by reason of the cutting and carrying away of the trees. The court declares the law to be that if it appears from the evidence that the plaintiff went into the possession of the premises mentioned in

this suit under the deed of Bock, read in evidence, and remained in possession until the fall of the year 1888, and that defendants or either of them cut, or caused to be cut or carried away, any timber from said land as charged, then the issues must be found for the plaintiff.'' The court refused to give both of said declarations of law, to which action of the court the plaintiff at the time excepted.

The court, at the instance of the defendants and against plaintiff's objections, declared the law as follows: ''The court declares the law to be that Joseph Barbarick has shown a complete legal title to the land on which the alleged trespass was committed, and that he is, and at the time of the alleged trespass was, entitled in law to the possession of the land, and the timber growing thereon, and the plaintiff, therefore, cannot recover.'' There was judgment for defendants. It is conceded all around that, at the time of the alleged. trespass, the plaintiff was in possession of the premises, under a mere color of title, and that the defendants then were the owners thereof in fee. The single question which is presented for decision is, whether one who is in the peaceable possession of real property, under color of title, can maintain the action of trespass against a party in whom is vested the title and possessory right. It has been long and well settled that possession is sufficient to maintain an action of trespass. In this action the defendants may dispute the plaintiff's possessory right by showing that the title and possessory right are vested in himself. *Reed v. Price*, 30 Mo. 442 ; *Fuhr v. Dean*, 26 Mo. 116 ; *Johnson v. Hannahhan*, 1 Strobl. 313 ; 2 Greenleaf Ev., sec. 613 ; *Inhabitants, etc., v. Thacher*, 3 Metcalf, 239 ; *Barston v. Sprague*, 40 N. H. 27 ; *Cook v. Patterson*, 35 Ala. 102 ; 2 Waterman on Trespass, 220. It results that the court did not err in giving the instruction asked by the defendant, nor in refusing the request of the plaintiff. The judgment will be affirmed. All concur.