Allen v. Mansfield.

ALLEN, *Appellant*, v. MANSFIELD.

DIVISION ONE.

1.    **Land Titles:** ADVERSE POSSESSION.    Continuous adverse possession under a parol gift for the statutory period will not only constitute a perfect defense as against the donor and those claiming under him, but it will confer title on the donee.

2.    ———: COLOR OF TITLE: POSSESSION OF PART OF TRACT.    Possession of part of a tract of land, to draw to it possession of the whole tract, must be under color of title to the whole.

8.    **Color of Title:** CLAIM OF TITLE.    Claim of title does not necessarily include color of title.

4. ———. Any writing which purports to convey land and describes the same is color of title, though the writing is invalid and conveys no title.

5. **Land Title:** ADVERSE POSSESSION. The fact that the owner of land placed the alleged donee in possession under a parol gift is evidence that the latter held adversely to the former's estate.

6. ——— : CLAIM OF OWNERSHIP : NON-PAYMENT OF TAXES. Non-payment of taxes by the alleged donee and payment of them by the alleged donor's estate is competent in evidence to show that the former's possession was not under claim of ownership.

7. ——— : CLAIM OF OWNERSHIP : EVIDENCE. So evidence that the alleged donor's grantee made on the lot in question valuable improvements, with the alleged donee's knowledge and without objection on her part is competent on the issue of her claim of ownership.

8. ——— : ESTOPPEL. Such facts would also create an estoppel against the ,alleged donee as to so much of the lot as was not within her inclosure.

*Appeal from Buchanan Circuit Court.*—HON. O. M. SPENCER, Judge.

REVERSED AND REMANDED.

*B. R. Vineyard* for appellant.

(1) The former suit (82 Mo. 688) is no bar to this one even if the same title and defense were involved. *Kimmel v. Benna,* 70 Mo. 52 ; *Ekey v. Inge,* 87 Mo. 493 ; *Avery v. Fitzgerald,* 94 Mo. 210. (2) Adverse possession (not actual)must be based upon both color and claim of title. *Bakewell v. McKee,* 101 Mo. 342 ; *Avery v. Adams,* 69 Mo. 603 ; *Norfleet v. Hutchins,* 68 Mo. 597 ; *Hamilton v. Boggess,* 63 Mo. 244 ; *Cooper v. Ord,* 60 Mo. 431. (3) The court erred in excluding the evidence of receipts for taxes paid by Allen G. Mansfield's executor. *Gaines v. Saunders,* 87 Mo. 557 ; *Turner v. Hall,* 60 Mo. 271 ; *Anderson v. Scott,* 94 Mo. 645 ; *Fairfield v. Barbour,* 51 Mich. 57. (4) To divest the owner of title to his land by parol gift the evidence should be so strong and convincing as to leave no room

for doubt. "Loose declarations and admissions," made by the deceased shortly before his death, are "entirely insufficient." *Berry v. Hartzell*, 91 Mo. 136, and cases cited; *Burdett v. May*, 100 Mo. 13; *Philpot v. Penn*, 91 Mo. 38; *Hughes v. Walker*, 12 Pa. St. 173; *Sitton v. Shipp*, 65 Mo. 297. And, if the testimony is not strong enough to justify a court of equity in decreeing specific performance, it is not sufficient to sustain title in a suit at law. *Walsh v. McIntyre*, 68 Md. 302. (5) "Estoppel *in pais* is as efficient as a deed." 3 Wash. on Real Prop. 77; *Kanaga v. Railroad*, 76 Mo. 207, qualified in 84 Mo. 326–7, only so far as it applies to the land of a married woman; *Evans v. Snyder*, 64 Mo. 516; *Kelley v. Hurt*, 74 Mo. 567; *Baker v. Railroad*, 57 Mo. 265; *Hubbard v. Railroad*, 63 Mo. 68. (6) An estoppel *in pais* may be invoked in a proceeding at law, and will support title in him in whose favor it has operated to maintain ejectment. *Doe v. Rosser*, 3 East. 15; *Brown v. Wheeler*, 17 Conn. 353; *Dickerson v. Colgrove*, 100 U. S. 578; *Barnard v. Seminary*, 49 Mich. 444; *Rangely v. Spring*, 21 Me. 137; *Stearns v. McNamara*, 36 Me. 178; *Spears v. Walker*, 1 Head (Tenn.) 166; 2 Herman on Estoppel, sec. 737.

*James F. Pitt* for respondent.

Where a donee under a parol gift takes possession of a part of a tract of land which has been surveyed and defined by stakes set by the donor, the possession will be of the whole tract under color of title, and adverse from its inception. *Rannels v. Rannels*, 52 Mo. 108; *Bank v. Fife*, 95 Mo. 118. Defendant's instructions declared the law, and plaintiff's sixth and seventh were properly refused. *Allen v. Mansfield*, 82 Mo. 688.

BLACK, J.—This is an action of ejectment for a lot in the city of St. Joseph. Plaintiff appealed from a

judgment for defendant. Both parties claim under·
Allen G. Mansfield who died testate in the year 1867. In
1874 his widow, heirs and devisees executed a partition·
deed conveying the lot in question to William Mans-
field whose title the plaintiff acquired by a sheriff's
deed, dated June 13, 1877.

The defendant is a colored person, formerly the·
slave of Allen G. Mansfield. Her defense is an alleged
parol gift of the lot to her by her former master, and the
statute of limitations. The proof offered in support of·
this defense discloses these facts : In 1865, Mr. Mans-
field built a small house or shanty on the east or alley
end of the lot and then moved the defendant and her
two children into it. She continued to reside there·
until the commencement of this suit in 1886. At the·
time he built the shanty he had the lot surveyed and
staked off. And in the year of 1865 or 1866 built a
fence around the entire lot at his own expense. Three
or four years thereafter a large part of the fence was·
washed away. Thereafter some one, probably the
defendant, reconstructed part of the fence from time to
time so as to include the shanty and a part only of the·
lot in the inclosure. The evidence tends to show that·
she dug a well and planted some trees in the inclosed
part, and that she, for a time at least, had a small pig·
pen on the uninclosed part. Four or five witnesses, some·
of them colored persons, testified to conversations with
Mr. Mansfield in the year 1865, in which he is reported
to have said that he was going to give the property to·
Malinda. Some of them on further examination say he
said he gave Malinda the house and lot and a cow.
One of these witnesses, a colored woman, testified that·
Malinda wanted to go to Iowa and Mr. Mansfield wanted
her to remain at St. Joseph ; that Mr. Mansfield sent
his daughter for Malinda, then at another house in the·
city ; that he then said in the presence of his daughter,
the witness and Malinda that he would give her the lot
if she would remain at St. Joseph. According to this·

witness the conversation was quite a formal affair; but the daughter testified that she knew of no such a conversation. The evidence of this daughter and that of another person is to the effect that Mr. Mansfield moved the defendant to the lot in question because she was not trustworthy about the house.

Plaintiff paid all of the taxes on the lot since his purchase in 1877. He offered to show that the Mansfield estate paid the taxes during the time the estate was in process of settlement, but this evidence the court excluded. The further evidence of plaintiff is, that he had the lot surveyed in 1878; that about that date he built a three-room house on the west one hundred feet and inclosed the whole lot with a new fence ; that the west one hundred feet was then uninclosed, and that the old fence around the shanty included only thirty-five or forty feet of the east end of the lot; that he was at the premises nearly every day during the construction of the house and fence, and that the defendant made no objection and set up no claim of ownership. This evidence is corroborated by persons who built the house and stands undenied. Plaintiff says he saw defendant just after his purchase, and she then asked permission to remain on the lot, and he told her she could remain there until he desired to build.

At the request of the defendant the court gave the following instructions: "If the jury believe from the evidence that about the year 1865 Allen G. Mansfield had the premises described in plaintiff's petition surveyed, built a house thereon, and verbally gave the same to defendant and put her in possession thereof, and that defendant has ever since said date been so in possession of the whole or any part thereof, claiming to own the whole of said lot, and that said possession has been open, notorious and actual under claim of ownership, then the jury will find for defendant."

This instruction, it will be seen, directs a finding for the defendant as to the whole lot, though she may

have had actual possession of only a part of it for the period of ten years.  It proceeds upon the proposition that if Mansfield surveyed the lot, built a shanty upon it, verbally gave the lot to the defendant and put her in possession, then such facts constitute color of title; that under these circumstances possession of a part will draw to it constructive possession of the whole.

It is to be observed in the first place that there is no evidence of improvements made by the alleged donee or other circumstances to take the alleged parol gift out of the statute of frauds.  As stated by counsel for the defendant it is title by adverse possession, not by gift, which will defeat the plaintiff.  Continuous adverse possession under a parol gift for the statutory period will not only constitute a perfect defense, as against the donor and those claiming under him, but it will confer title upon the donee.  *Campbell v. Braden*, 96 Penn. St. 388; *Moore v. Webb*, 2 B. Mon. (Ky.) 282; *Outcalt v. Ludlow*, 32 N. J. L. 239; *Sumner v. Stevens*, 6 Met. (Mass.) 337; *Clark v. Gilbert*, 39 Conn. 94.  In all these cases there was actual possession of the entire property embraced in the parol gift, so that they do not dispose of the question in hand.  To make possession of a part of a tract of land possession of the whole, there must be color of title to the whole, and the real question is whether the facts recited in the instruction constitute color of title.

In a case like this, where there is a claim of constructive possession flowing from actual possession of a part, it is necessary to bear in mind that claim of title and color of title are different things.  Claim of title does not necessarily include color of title.  The definitions and descriptions of color of title given in the books are various and conflicting.  It is, we think, safe to say that any writing which purports to convey land and describes the same is color of title, though the writing is invalid, and conveys no title.  *Fugate v. Pierce*, 49 Mo. 441; *Hamilton v. Boggess*, 63 Mo. 231; *Hickman*

*v. Link*, 97 Mo. 482. In *Fugate v. Pierce*, it was said constructive possession is never based upon a claim merely ; "there must be a deed purporting to convey the whole, or some proceeding or instrument giving color and defining boundaries, as well as actual posses- sion." This doctrine was approved in *Long. v. Higgin- botham*, 56 Mo. 245. The claim must be " evidenced by some paper, or proceeding, or relation, that makes the claimant the apparent owner of the whole." *Crispen v. Hannavan*, 50 Mo. 536. These cases all lead to the con- clusion that to constitute color of title there must be some documentary evidence, and so it is generally held. Sedg. & Wait on Trial of Land Titles [2 Ed.] secs. 769, 772.

There are some cases which appear to assert a different rule. In *Rannels v. Rannels*, 52 Mo. 108, the plaintiff purchased the land for his sister, but took the deed to himself. He had the land surveyed, showed it to her, built a house upon it, and then made a verbal gift of it to her. He put her and her family in posses- sion under the survey and description in his deed. She and her family occupied the house, "and exercised open and notorious acts of ownership over the remainder of the tract up to her death ; and the remainder of her family since her death." Notwithstanding these facts the question seems to have been made whether the verbal gift and delivery of possession thereunder consti- tuted color of title "to that portion of the tract of land not inclosed nor in actual possession ;" and it was held that they did. Says the court : "It is not necessary that this color of title should be created by deed or other instrument of writing. It may be created by an act *in pais* without writing." Several cases are cited in support of the rule there stated. That of *McCall v. Neeley*, 3 Watts, 69, had been before and has since been noticed by this court, and some of the observations there made held to be inapplicable to our system of

land titles.   *City of St. Louis v. Gorman*, 29 Mo. 593;
*Mylar v. Hughes*, 60 Mo. 105.

In *Sumner v. Stevens, supra*, there was actual
possession of the entire property, and the question of
constructive possession from possession of a part under
color of title to the whole does not appear to have been
involved in the case.   In *Bell v. Longworth*, 6 Ind. 274,
Longworth claimed the land under a written assignment
of a certificate of purchase from the United States, so
that case, on its facts, does not appear to be an excep-
tion to the general rule, though the language used in
the opinion as to what will constitute color of title is
very broad.   The *Rannels case* was cited with approval
in the subsequent cases of *Cooper v. Ord*, 60 Mo. 420,
and *Hughes v. Israel*, 73 Mo. 538.   Those cases were
however, in their facts, quite unlike the *Rannels case*.
The doctrine of that case was also approved in the case
of *Davis v. Davis*, 10 So. Rep. 70.   The *Rannels case*
is clearly exceptional in its character, so far as it defines
color of title, though the conclusion reached is right on
the facts given in the statement.   According to the state-
ment the donee and her heirs had actual possession of
the entire tract as against the donor.

As said in *Clark v. Gilbert, supra:* "Much has
been said about an open, notorious possession, but
such expressions are not applicable to a case like this.
Possession taken under a parol gift is adverse in the
donee against the donor, and, if continued for fifteen
years, perfects the title of the donee as against the
donor.   The donor in such cases not only knows that
the possession is adverse, but intends it to be, and there
is no occasion for any notoriety.   Notoriety is only
important where the adverse character of the possession
is to be brought home to the owner by presumption.
Of course, where it is shown that he had actual knowl-
edge that the possession was under claim of title, and,
therefore, adverse, openness and notoriety are unimpor-
tant, for no other person has any legal interest in the

question or right to be informed by notoriety or other-wise." See also Sedg. & Wait on Trial of Land Titles [2 Ed.] sec. 735. On these grounds the *Rannels case* can stand without question or doubt, for there was, as against the donor, sufficient actual possession of the whole tract, and color of title was not necessary to a complete defense, and that case stands on no other grounds.

But in this case the instruction allows a complete defense, though defendant may have had actual posses-sion of a part only for the statutory period of time. Possession of a part to draw to it possession of the whole, under the statute of limitations, must be under color of title. The facts that Mansfield staked off the lot, built a house upon it, made a verbal gift of the lot to defendant and put her in possession are sufficient to show adverse possession of the whole, as against Mans-field and his heirs ; but such facts do not constitute color of title. The instruction is, therefore, erroneous, and should not have been given.

2. The trial court also erred in excluding the receipts offered in evidence by the plaintiff, showing payment of taxes by the Mansfield estate. The fact that Mansfield placed the defendant in possession under a parol gift is evidence that she held adversely to his estate. On the other hand, there was evidence tending to show that her possession was not hostile. The ques-tion whether the defendant's possession was adverse, that is to say, under a claim of ownership, was an important issue in the case. The defendant went into possession in 1865, and Mr. Mansfield died in 1867. Non-payment of taxes by the defendant and payment of them by the estate is additional evidence tending to show that the possession was not under claim of owner-ship, and should have been received. *Gaines v. Saunders*, 87 Mo. 557–564.

3. The court admitted the evidence to the effect that plaintiff built a house on the west end of the lot

with the knowledge of the defendant, and that she made no objection and set up no claim of title, but excluded evidence showing the value of these improvements. The more valuable the improvements, the more it became the duty of defendant to make known her claim, if any she had, and the greater the probability that she then made no claim of ownership. Evidence of the extent and of the value of the improvements should have been received.

4.    Two instructions were asked by the plaintiff, but refused, concerning an estoppel as to the uninclosed part of the lot upon which the plaintiff erected the three-room house. There is evidence to the effect that, after the plaintiff purchased the lot, he saw the defendant and she obtained permission from him to remain in the shanty ; that he had no notice or knowledge of the alleged parol gift ; that he built the house and made the improvements believing that he was the real owner, and that defendant was present all the while, saw the improvements going on, but made no objection or claim of ownership to the lot. Under these facts, we think she should be held estopped from asserting title to the uninclosed part, and this is all the refused instructions claim. An instruction to the foregoing effect should be given.

The judgment is reversed, and the cause remanded for new trial. All concur.