NICHOLAS J. COX, Appellant, v. JOHN R. BARKER et al.,
Respondents.

St. Louis Court of Appeals, October 17, 1899.

1. **Action:** TRESPASS UPON REALTY: EVIDENCE. In an action brought for trespass upon realty the defendant may dispute the plaintiff's possessory right by showing that the title and possessory right are vested in him.

2. ———: ———: ———: INSTRUCTION. An instruction is not erroneous which submits the issue to the jury of "title and possessory right," as in the case at bar.

Appeal from Scotland Circuit Court.—*Hon. Benjamin E. Turner,* Judge.

AFFIRMED.

No briefs furnished.

BOND, J.—This cause was heretofore transferred by this court to the supreme court on the theory that its decision involved the title to land in the constitutional sense, and hence jurisdiction of the appeal taken herein was vested in the supreme court. That court, however, held that it had no jurisdiction of this cause for the reasons given in an opinion filed herein, and re-transferred the same to this court.

The suit is for an alleged trespass in the removal of a "two wire and post fence," alleged to have been put by plaintiff on land in his possession to inclose his field at or near the boundary line separating it from the land of the wife of defendant John Barker. The value of the fence was laid at $25 and $50 were claimed as damages, which were asked to be doubled under the statute.

The answer admitted the removal of the fence, but denied all the other allegations. It further set up that the defendant John Barker as husband of the owner of the land was in possession of it and the fence constructed thereon by plaintiff and employed his codefendant to assist in removing said fence for purposes of repair on the place; denied that plaintiff had any rights or interests in the premises, and asked the justice before whom the cause was instituted to certify it to the circuit court on the issue of title tendered by the answer. This was done. On the trial in the circuit court the evidence tended to show that the east and west boundary lines between the two farms in question were conterminous for about a quarter of a mile; that the northern part of the fence between the two had been constructed by defendant and the southern part of the fence had been constructed by the plaintiff; that prior to 1894 defendant removed the portion of the fence which he had constructed, insisting that it was not upon the true boundary line; that plaintiff thereafter constructed another fence somewhat west of the location of that which

defendant had removed; that prior to the beginning of this work on the part of plaintiff defendant warned him that. he was replacing the fence on the land of defendant's wife and that if a survey showed this to be a fact he would claim the fence. The land was surveyed and it appeared therefrom that the fence in question was upon the land of defendant's wife. Defendant removed the fence therefrom, and according to his testimony, informed the plaintiff that the material so taken away was at his, plaintiff's disposal.

The court instructed the jury in substance that the only question for them to consider was, which of the two parties owned the land from which the fence had been removed? Plaintiff asked no further instructions. There was a verdict. and judgment for defendants. The plaintiff appealed.

The only question before us is the correctness of the direction given to the jury by the trial court. While it is well settled that a violated possession, actual or constructive, is the essence of an action of trespass to lands or goods (Hampton v. Massey, 53 Mo. App. 501; Moore v. Perry, 61 Mo. 174; Fuhr v. Dean, 26 Mo. 116; Barbarick v. Anderson, 45 Mo. App. 270; Deland v. Vanstone, 26 Mo. App. 297), it is also true that in an action brought for trespass upon realty "the defendant may dispute the plaintiff's possessory right by showing that the title and possessory right are vested in himself." Barbarick v. Anderson, 45 Mo. App. loc. cit. 272 and cases cited. The evidence adduced by defendants in the present case fairly raised the issue of "title and possessory right" in themselves to the land whereon plaintiff had put the fence which defendants removed. The court did not therefore err in submitting that issue to the jury, and their verdict thereon is conclusive upon this appeal.

No other questions being preserved for review, the judgment of the circuit court is affirmed.

All concur.