Fritz William Hoelmer and Edna Hoelmer, His Wife, Leander J. Hoelmer and Delma Hoelmer, His Wife, Louisa Hoelmer and Laura L. Frechmann, Respondents, v. Wade G. Heiskell. Appellant, No. 40976—221 S. W. (2d) 142.

Division One, June 13, 1949.

*William H. Wessel* and *R. E. Kleinschmidt* for appellant.

*O. A. Mundwiller* and *Joseph T. Tate* for respondents.

238

VAN OSDOL, C.—Action in the nature of trespass on land. Plaintiffs alleged defendant unlawfully broke and entered the close of plaintiffs; cut down and converted trees to his own use; committed waste; and damaged plaintiffs' fence, for all of which plaintiffs prayed judgment for $120. Defendant ·denied generally. The trial court, without the aid of a jury, found and rendered judgment for plaintiffs for $50. The trial court further adjudged that "plaintiffs are the owners of the land . . . described and that said defendant has no right, title or interest in and to said land or any part thereof and has no lien thereon." The trial court having by its judgment adjudicated title, the jurisdiction of the appeal is in this court. State ex rel. Brown v. Hughes, 345 Mo. 958, 137 S. W. 2d 544; Brown v. Wilson, 348 Mo. 658, 155 S. W. 2d 176.

It· is contended by defendant-appellant the trial court erred in entering a judgment determining title inasmuch as neither of the parties, plaintiffs nor defendant, had sought title relief; and defendant-appellant further contends the evidence was insufficient in supporting plaintiffs' case—he urges plaintiffs' asserted title by adverse possession was not established. Says defendant-appellant, whatever possession plaintiffs had was not adverse, but was permissive from defendant's predecessor in title. We will outline and examine the. evidence relevant to the question of plaintiffs' title by adverse possession.

The close alleged to have been wrongfully entered upon is a small triangular tract of about two acres ("pasture") lying at the northwest corner and being out of the land to which defendant admittedly has the record title as the grantee in certain conveyances (including a sheriff's ▮▮▮ deed in partition) to him. The land was originally owned by one George (Grandpa) Kraettli, deceased. Plaintiffs own a 440-acre farm to the northward and westward of the Kraettli land. Their farm came to them from their late father, and husband, "Grandpa" Hoelmer, who died in 1929.

If the fences near the northwest corner of the Kraettli lands had been set on true lines and extended to the true corner, cattle belonging to Grandpa Hoelmer could not have readily passed to and from the Hoelmer land north of the Kraettli farm and from and to the part of the lands belonging to Hoelmer lying west of the Kraettli farm. This was because the corner is a "bluff" and rocky. Grandpa Hoelmer and Grandpa Kraettli were the best of friends; and, according to plaintiffs' evidence, Grandpa Hoelmer had declared he and Grandpa Kraettli "talked that over" and Grandpa Kraettli had said to him, "You can have this piece, cut it right through here, and then your cows can come down the hill and come on home." This was more than forty years ago. So Hoelmer fenced off the small triangular tract from the other Kraettli land, and the fence has been there "ever since." Thereafter no other than Grandpa Hoelmer and plaintiffs has possessed the little triangular tract. The fence had been repaired from time to time by the Hoelmers. The Hoelmers have pastured the little tract along with their other pasture lands, and "got wood made off of it." As stated, the little triangular plot is on a bluff, and is rocky; there is a little valley in bluegrass, but the plot is of little or no value "except what timber is on there." The evidence shows that Grandpa Kraettli had been particular about his timber. He had not permitted any of his timber to be cut. But, there was evidence introduced tending to show Grandpa Hoelmer, in 1910 or 1911, had permitted tie timber to be cut from his lands, and tie timber (four or five or six trees) was cut at that time from the little triangular piece of land. A "deer crossing" is "just about on the corner" of the little tract. There was evidence tending to show the Hoelmers put "no trespassing" signs along their fences, including the fence between the little tract and the remaining Kraettli lands. Grandpa Hoelmer had said to hunters, "That is my ground, my fence goes along there. . . . You fellows stay out of there." There was evidence tending to show Grandpa Hoelmer and plaintiffs had paid no taxes on the little tract. And plaintiffs did not appear at the sale and assert any claim of ownership of the little tract when the Kraettli lands were sold in partition (plaintiffs, of course, were not parties to the action in partition); and plaintiffs did not protest a survey defendant caused to be made with the view

of ascertaining the true lines between the Kraettli and Hoelmer lands.

Defendant raised no issue concerning his actual entry upon and his cutting of timber off the little tract, and he makes no contention relating to the amount of the trial court's award. He testified he intended to go in there and cut the timber off that land, "and I got it."

It has been held that possession is sufficient to maintain an action in trespass. But a defendant may dispute a plaintiff's possessory right by showing the title and the possessory right are in himself. Fuhr v. Dean, 26 Mo. 116; Reed v. Price, 30 Mo. 442; Barbarick v. Anderson, 45 Mo. App. 270; Cox v. Barker, 81 Mo. App. 181. In the instant case defendant's record title was not disputed. It was necessary that plaintiffs prove they were rightfully in possession as against defendant at the time the alleged unlawful entry was committed. More v. Perry, 61 Mo. 174. Plaintiffs' claim being based on the possessory right and its violation and defendant having the record title by grant, plaintiffs endeavored to prove their ownership and right to possession against defendant by demonstrating they had acquired title by adverse possession—as defendant's counsel expressed to the trial court during the progress of the trial, ownership "is a fact to be determined in this case." While ownership including the possessory right was a fact to be determined, title, evidencing ownership, was but incidentally involved and neither of the parties, plaintiffs nor defendant, sought the relief of an adjudication of title. So it must be held the trial court's judgment in so far as it adjudicated title was *coram non judice* and void. State ex rel. Brown v. Hughes, supra; Brown v. Wilson, supra. But plaintiffs' title by adverse possession was nevertheless the evidentiary issue essential in supporting plaintiffs' ownership and possessory right and claim, the violation of the possessory right being the gist of plaintiffs' claim.

The evidence, which we have detailed supra, is sufficient to sustain plaintiffs' case and the trial court's money judgment for plaintiffs. The evidence shows Grandpa Hoelmer and plaintiffs had for more than forty years been in the actual, open and notorious, exclusive, and continuous possession of the little piece of land.

As contended by defendant-appellant, in order to establish adverse possession it was additionally necessary that plaintiffs-respondents should show the possession was hostile and under claim of right— in "opposition to the true title and real owner, and it (adverse possession) implies that it commenced in wrong, by ouster or disseizin, and is maintained against right." Hilgert v. Werner, 346 Mo. 1171, 145 S. W. 2d 359. It has been said that, while the acts in pasturing of cattle and in cutting of timber tend to show a claim of ownership, the acts in themselves are insufficient to establish adverse possession. Horton v. Gentry, 357 Mo. 694, 210 S. W. 2d 72. Nevertheless, in the instant case, the enclosure of the little tract with the Hoelmer

land, and the pasturing and the harvesting of timber—the open and visible exploitation of the land's only productivities—are by us considered as tending to indicate the adverse character of the Hoelmers' possession.

The fact that Grandpa Hoelmer and plaintiffs had not paid taxes on the little tract in controversy is considered as tending to show their possession was not under a claim of ownership. Allen v. Mansfield, 108 Mo. 343, 18 S. W. 901. To be adverse the possession must be with intent to claim and hold the land against the true owner. Now it is the law of this state that when one is put in possession of lands under a parol gift the possession of the donee is adverse from its inception. Reader v. Williams, Mo. Sup., 216 S. W. 738. The entry under the parol gift discloses the intention which " 'guides the entry, and fixes its character.'—Angell on Lim., § 386; Ewing v. Burnet, 11 Peters (U. S.), 41." Vandiveer v. Stickney, 75 Ala. 225; Reader v. Williams, supra; Auldridge v. Spraggin, 349 Mo. 858, 163 S. W. 2d 1042; Coshow v. Otey, Mo. Sup., 222 S. W. 804; Allen v. Mansfield, supra; Rannels v. Rannels, 52 Mo. 108. The testimony of the declaration of Grandpa Hoelmer relating to his conversation with Grandpa Kraettli was objected to on the ground of hearsay, but the declaration was contemporaneous with Hoelmer's occupancy and possession. The declaration was part of res gestae and admissible, we believe; not as evidence of the fact of a parol gift, but as a verbal part of the possession tending to show such possession was in character adverse to the Kraettli title. Vol 6, Wigmore on Evidence, § 1778, pp. 205-211; Martin v. Bonsack, 61 Mo. 556; Farmers' Bank v. Barbee, 198 Mo. 465, 95 S. W. 225; Heynbrock v. Hormann, 256 Mo. 21, 164 S. W. 547.

Having considered the whole record, we believe the clear weight of the evidence supports the trial court's finding and judgment for plaintiffs.

The judgment in so far as it adjudicates title should be reversed, and otherwise the judgment should be affirmed.

It is so ordered. *Bradley* and *Dalton, CC.*, concur.

PER CURIAM:—The foregoing opinion by VAN OSDOL, C., is adopted as the opinion of the court. All the judges concur.