————o————

Jesse J. Fitch, Appellant, vs. Jacob G. Gosser, Respondent.

1. *Practice, civil—Actions—Leased land—Trespass to—Who can sue.*—The owner of land can bring an action against a trespasser for cutting timber on it and carrying it away, though the land is then in the possession of his tenant.

2. *Lands and land-titles—Misdescription in deed—Subsequent deed correcting—Titles, equitable and legal.*—Land was conveyed to A. but it was misdescribed in the deed. By a subsequent deed this mistake was corrected. *Held*, that the first deed gave him an equitable title, which the second deed perfected into a legal title.

3. *Lands and land-titles—Equitable title—Possession—Farm—Timber-land.*—A. having an equitable title to 200 acres of land, consisting of a prairie-farm of 160 acres, and 40 acres of timber-land a mile or two away from it, leased the farm to tenants, allowing them to cut timber for the use of the farm and firewood from the 40 acre tract. *Held*, that the only value of the timber-land was in its use for such purposes, that it was not designed for cultivation or inclosure, and that A. was in possession of both tracts.

---

---

*Appeal from Schuyler Circuit Court.*

*Edward Higbee* for Appellant.

I. The deed executed by Thatcher to plaintiff, which purports to be executed to correct error in former deed, operates by relation from the date of the deed from Thatcher to Orr, containing the erroneous description. (3 Washb. Real Prop., [1868] 276, § 46.)

II. At the time the trespass was committed, defendant was a mere trespasser and not in possession, while plaintiff was the equitable owner in fee and entitled to the legal title.

III. A landlord may recover damages for an injury done to the inheritance by a trespasser while in possession of a tenant.

*McGoldrick and Caywood*, for Respondent.

I. Plaintiff must show such title or possession in himself as would enable him to recover, which must exist at the commencement of the suit, and, if by possession, it must be actual, and cannot be presumed to exist upon the evidence of a quitclaim deed, even though it relates back. (2 Greenl. Ev., § 619; 34 Mo., 417.)

NAPTON, Judge, delivered the opinion of the court.

This is termed in the pleadings an action of trespass; though it might, with more propriety, if we are to go back to common law phrases, be called an action on the case. The complaint is, that the defendant entered on the N. E. qr. of the S. W. qr. of section 2, Town. 65, R. 15 West, wrongfully, and without the consent of the plaintiff, who claims to have been the owner, and cut timber, and carried it away, to the value of two hundred dollars.

The answer denies the wrongful entry, claims that defendant was in possession at the time of the trespass by virtue of a tax deed from the collector of the county, and denies that plaintiff was the owner of the land when the alleged trespass was committed.

A replication was filed, which denies defendant's possession,

and then proceeds to assert that the tax-deed was void for various reasons particularly specified. It is unnecessary to recite these reasons, as the court held the defendant to have no title by reason of the tax deed.

The plaintiff is a citizen of Virginia, and in 1856 bought this land from one Thatcher, in connection with 160 acres of prairie-land lying a mile or two from it. The 40 acre tract was timber. The deed of Thatcher and wife to one Orr was given in evidence; there was a mistake in this deed in the number of the township. There was then a deed from Orr to plaintiff in 1858 which contained the same mistake. There was then a deed made in 1870 by the original owner, Thatcher, directly to plaintiff, correcting the mistake in the number of the township. Thatcher, Orr and Fitch, the plaintiff, all lived in Virginia, and are still non-residents of Missouri, so far as the record shows.

It appears from the evidence, that the defendant cut rail-timber, saw-logs, &c., between 1868 and 1870, from this 40 acre tract; that as early as 1862 the plaintiff through an agent rented the prairie farm to various tenants, allowing them to cut timber on the 40 acre tract for rails to be used on the farm and for firewood; and at the time the defendant cut the timber, the farm was in possession of one of these tenants. The taxes were regularly paid on the land, except in the year the 40 acre tract was sold for taxes to defendant, and the agent redeemed it from that sale within two years after, and procured a certificate of redemption.

The defendant knew the land belonged to plaintiff when he bought it for taxes, as it was assessed as plaintiff's land.

The tax deed, however, cuts no figure in the case, as it was excluded by the court. The court found for the defendant, and declared the law to be, that the deed from Thatcher to Orr did not convey the legal title to the 40 acres in question, and that the deed from Orr to plaintiff did not, and that the deed from Thatcher to plaintiff, correcting the mistake in the first deed, did not relate back to the date of the original deed, so as to give plaintiff a right to maintain trespass for cutting

timber on said land prior to the execution of the last deed, unless plaintiff was in the actual possession of said land.

The court also declared, that no such actual possession was proved, and said that possession of one tract of land without a legal title, although under claim of title, does not operate to give to the person so in possession constructive possession of another tract disconnected from the one he may be in possession of, if he has no legal title to the tract of which he has actual possession, although he may have claimed the same as his and paid taxes thereon for years.

. The court further declared the law to be, that the landlord cannot maintain an action of trespass for trespass committed on the premises whilst in the possession of his tenants.

At the common law an action by the owner of land for injuries to the inheritance, when the land was rented to tenants, was called an action on the case. The tenant could bring trespass for an injury to his possession. This suit, by whatever name it may be called, is for a damage sustained by the owner, and is therefore properly brought by him..

The plaintiff was the owner of this land in 1858. It is true, that, by a mistake in the conveyance of the proper number of the township, he might be regarded as merely the owner of the equitable title. But he had an equitable title beyond controversy, which subsequently was perfected into a legal title, and he had the actual possession from 1862, by his tenants.

The tract conveyed to him was 200 acres—160 of which was in the prairie, and of course was the part occupied and cultivated; but the detached 40 acres of timber was as much in his possession as the 160 acres in the prairie.

What possession of a piece of timber land, bought to support a farm in the prairie, is necessary? Its only value is, that it supplies fencing timber and firewood to the farm. What possession is possible to be established in such cases, where the timber-land is never designed for cultivation? The proof here is, that the tenants were allowed to make rails on it, but only to keep up the farm, and they were allowed to cut fire-wood.

If the legal title to the 40 acres had been in plaintiff, there would have been no question. As there was a mistake in the deed, of the number of the township, the title of the plaintiff may be considered only an equitable one.

But this equitable title was accompanied by possession. We consider a person in possession of a farm of 160 acres in the prairie, with a forty acre tract a mile or two off in the timber, claiming both, as much in possession of one as the other. This timber-land is not designed for cultivation or inclosure.

The judgment will therefore be reversed and the cause remanded. The other judges concur, except Judge Adams, who is absent.