JACOB JACKSON et al., Respondents, v. JOHN BINNICKER, Appellant.

Kansas City Court of Appeals, April 25, 1904.

1. **IRREGULAR FORECLOSURE: Liability of Purchaser: Second Mortgagee.** A mortgage sale was irregular in that the notice misdescribed the property. The purchaser refused to accept the trustee's deed but with the consent of the mortgagor went into possession and claimed as owner. On his solicitations the trustee re-advertised and sold again the property at which he bought again for a less sum. The bid at the first sale was sufficient to pay in full the second mortgagee, at the second sale it was wholly insufficient. *Held,* the second mortgagee could maintain no action against the purchaser to recover his debt.

2. **TRIAL PRACTICE: Diligence: Sleeping on Rights.** The courts can not undertake to help those who will not help themselves.

Appeal from Buchanan Circuit Court.—*Hon. W. K. James*, Judge.

REVERSED.

*Grant S. Watkins* for appellant.

(1) The decree in this case can not be sustained because it is not responsive to the issue made by the petition. Ross v. Ross, 81 Mo. 84; Reed v. Bott, 100

Mo. 62.   (2) . The petition in this case is an ordinary bill asking for specific performance of trustee's sale, amount of money paid into court and subject same to different liens of plaintiffs.   No allegations are made which justify a personal judgment.   Dougherty v. Adkins, 81 Mo. 411; Dumphy v. Kleinschmidt, 78 U. S. 610; Story's Eq., sec. 40.   (3) The petition contained a  prayer for specific performance, and the relief granted must in all cases conform to the special facts alleged.   Duncan v. Fisher, 18 Mo. 404; McNair v. Biddie, 8 Mo. 257; Meade v. Knox, 12 Mo. 287; Williams v. Williams, 1 Johns. Ch. 3.   (4) . The record in this case shows conclusively that plaintiff, before the commencement of this suit, had full knowledge of all the facts.   The evidence also shows that plaintiff had a full, adequate and complete remedy at law by means of a suit for damages.   For this reason the judgment should be reversed.   Humphrey v. Milling Co., 98 Mo. 542; Dunlop v. Mitchell, 80 Mo. App. 393; Straub v. Simpson, 74 Mo. App. 230; Perkins v. Railroad, 143 Mo. 513; Alnutt v. Leper, 48 Mo. 319; Thias v. Siener, 103 Mo. 323; Mullen v. Hewitt, 103 Mo. 651; Board v. College, 17 Wallace 530.

*Nichols, Pistole & Neville* for respondent.

(1)   The first point in the appellant's brief complains of the judgment of the trial court because the decree is not  responsive to the issues raised  by the plaintiff's petition.   To support his contention he cites the cases of Ross v. Ross, 81 Mo. 74 and Reed v. Bott, 100 Mo. 62.   Neither case is in point.   (2)   It is well established that the relief need not conform to the prayer in the petition if it is sustained by the evidence and  the  evidence  conforms to the allegations in the plaintiff's petition.  Newton v. Kenton, 79 Mo. 382; Baldwin v. Whaley, 78 Mo. 186; Ross v. Ross, 81 Mo. 84; Henderson v. Dickey, 50 Mo. 161; Wright v. Barr, 53

Mo. 340; White v. Rush, 58 Mo. 105. (3) Appellant complains that a personal judgment was rendered. The facts stated in this case entitled the plaintiff, under the old decisions of this court, to concurrent remedies at law and equity. The court was not bound by the prayer of the petition and could grant any relief consistent with the facts stated and proved. Sharkey v. McDermott, 91 Mo. 647; Henderson v. Dickey, 50 Mo. 161; White v. Rush, 58 Mo. 105. (4) A personal judgment could be rendered on the pleadings and proof adduced in this case. Ferguson v. Hillman, 55 Wis. 181; Carr v. Coal Co., 96 Mo. 149; Cramer v. McCaughey, 11 Mo. App. 426; Leise v. Meyer, 143 Mo. 547; Crosby v. Bank, 107 Mo. 442. (5) It is complained that the plaintiffs had full knowledge of all the facts before the commencement of this suit. But what if they did? Bishop was not in a position to help himself. He could not buy the first mortgage, and if he attempted to foreclose, he is met by the defendant, Binnicker, who says: ''I am the owner of this property. I bought it under a deed of trust prior to yours, and am in possession, but will sell to clear the title.''

BROADDUS, J.—The facts were that prior to August, 1899, William Bishop, Charles Coberger and the latter's wife were the owners of a certain millsite and the buildings and machinery attached situated in the town of Easton, Buchanan county, Missouri, upon which there were two deeds of trust, the first dated March 11, 1898, to Jacob Jackson, trustee, to secure certain notes amounting to $2,400 payable to Amor Jackson; and the second to Robert Nash, trustee, to secure a note for $585 payable to Albert Bishop. After default in the payment of the first-mentioned note, the property was advertised for sale by the trustee. When the property was sold, defendant became the purchaser at the price of $3,450. He had become the owner of the notes mentioned in the deed of trust after the prop-

erty had been advertised and before the day of sale. After the property had been bid off by the defendant, he, the trustee, William Bishop, Albert Bishop and Amor Jackson all went to the office of a real estate agent named Perkins where a trustee's deed was written. It was, however, discovered that there was a misdescription of the land in the advertisement and defendant refused under the circumstances to accept the trustee's deed.

The evidence tends to show, however, that defendant went into possession of the property, claiming it as the owner, and that he insured it as his property, and that in connection with Coberger operated the mill and made and sold flour. In the meanwhile, at the solicitation of Binnicker, the trustee again advertised and sold the property and he bid it off at $1,000 and the trustee made him a deed.

Albert Bishop, the owner of the note for $585 in reference to the meeting in the office of Perkins was asked: "What if anything was said there to you in reference to your note of $585 and deed of trust? A. They simply asked me what I would take for my share, and I told them I either wanted all or none. They offered me a small portion, something like half, something like that. Q. And then what happened if anything? A. And if I would take their offer they would go ahead with the sale, and if I did not they would simply have to advertise it and sell it again. Q. Then what did you do? A. I did not do anything."

The court rendered judgment for plaintiff Albert Bishop for the amount of his note and interest. The plaintiffs sought to recover upon the ground that the first trustee's sale was valid and that under it defendant took possession of and claimed and held the property. The proceeding is in equity and asks for a specific performance of the trustee's sale and that defendant Binnicker be compelled to pay into court the sum of $3,450,

the amount bid on the first sale, with interest, etc. The answer was a general denial.

We will assume in the beginning that under the first sale made by the trustee he could not have conveyed the legal title because of the fact that the advertisement for the sale did not properly describe the property. Had the defendant accepted the deed tendered him by the trustee, under the authority in Fitch v. Gosser, 54 Mo. 267, he would have had the equitable title. But as he did not accept the trustee's deed he had no title either legal or equitable. It is not claimed that there was any agreement or even understanding that defendant would, in a future sale to be made by the trustee, protect the rights of the plaintiff Bishop; and there was no allegation nor proof of fraud.

The plaintiffs rely solely upon the allegation that defendant became the owner of the property under the first trustee's sale at and for the price of $3,450; and such being the fact, they are entitled to the surplus over and above the amount of the notes held by him. The defendant was not bound to pay the amount of his bid and accept a deed from the trustee that at most only conveyed an equity. And the fact that he occupied and claimed the property, especially as it was with the consent of the mortgagor, Coberger, conferred no right of action on the plaintiffs. Their rights were in no way affected thereby.

Plaintiff Bishop was informed by defendant that he would have the property advertised and resold. But with this information he took no action whatever to protect his interest. He slept upon his right. The courts can not undertake to help those who will not help themselves.

Many phases of the case have been presented by counsel, but as plaintiffs have entirely failed to make a case it is unnecessary to discuss them. Cause reversed. All concur.