# WILLIAM BERGMAN, Respondent, v. HENRY VOGT'S ADMINISTRATOR, Appellant.

**St. Louis Court of Appeals. Submitted on Briefs January 10, 1913. Opinion Filed March 1, 1913.**

1. **JUSTICES' COURTS: Pleading: Cause Certified to the Circuit Court: Amendment of Petition.** The petition, in a case certified to the circuit court by a justice of the peace on the ground that title to real estate is involved, may be amended in the latter court.

2. **TRESPASS: Breaking Close: Personal Property.** Timber severed from the soil is personal property, and hence an action for trespass will not lie for its removal; but an action for trespass will lie for breaking the close and entering upon the land of another in order to remove such timber.

3. ————: ————: **Sufficiency of Evidence.** In an action for trespass for breaking plaintiff's close and entering upon his land to remove logs therefrom, evidence that a team belonging to defendant and in charge of his son was driven through a gap in plaintiff's fence, and that logs which were lying upon his land were loaded upon the wagon, and that defendant was present at the time, and evidence by one of defendant's sons that, in doing what they did, they were acting under the direction of their father, *held* sufficient to warrant the submission to the jury of the question of whether defendant broke down the fence.

4. ————: **Entering Premises Against Will of Owner.** The act of entering upon premises owned by and in possession of another, for the purpose of removing personal property therefrom without his consent and against his will, is a trespass, and an action against such person for trespass will lie, although he did not break down the fence in order to enter upon the premises.

5. ————: **Defenses: Title of Defendant.** In an action for trespass, defendant may dispute plaintiff's possessory right by showing that the title and possessory right in the premises are vested in himself.

Appeal from Warren Circuit Court.—*Hon. James D. Barnett,* Judge.

REVERSED AND REMANDED.

*T. W. Hukriede, J. W. Delventhal* and *E. Rosenberger & Son* for appellant.

(1) After timber is severed from the soil it is no longer real estate but personal property, and an action for trespass will not lie for its removal. Annuity and Trust Co. v. Mangold, 94 Mo. App. 125; Land Co. v. Watson, 125 Mo. App. 554. (2) Possession of land is sufficient to maintain an action of trespass, but the defendant may dispute plaintiff's possessory right by showing that the title and possessory right are vested in himself. Barbarick v. Anderson, 45 Mo. App. 370; Fuhr v. Dean, 26 Mo. 116; Cox v. Barker, 81 Mo. App. 181; Levy v. McClintock, 141 Mo. App. 593.

REYNOLDS, P. J.—This action was commenced before a justice of the peace, the statement counting on trespass in breaking and entering the premises of plaintiff by defendant and removing therefrom certain logs and firewood. On application of defendant the cause was transferred from the justice of the peace to the circuit court, on the ground that title to real estate was involved. At the trial before that court and a jury, there was a verdict and judgment for plaintiff for ten dollars, from which latter defendant, interposing his motion for a new trial as well as one in arrest of judgment and saving exception to the overruling of these motions, duly perfected his appeal to this court. Pending the submission of the case here, appellant died and his death being suggested, the cause was revived in the name of his administrator, the latter duly entering his appearance.

Counsel for appellant make nine assignments of error; one of them that error was committed in allowing the amendment of the petition, as it is called and in failing to strike out the amended petition. We see no error in this, the cause going to the circuit court on certification and not by appeal, and while this is

assigned for error, no argument is here advanced nor authority cited in support of it.

As their first point counsel for appellant argue that after timber is severed from the soil, it is no longer real estate but personal property and that an action for trespass will not lie for its removal. That proposition is correct, provided no trespass upon the property of another was committed in taking it. But the averment here is that the close of plaintiff, the real estate, was in his actual possession and, as the testimony shows, in his possession for over ten years and all under fence, and that defendant broke and entered the close to take the logs. That was a trespass.

It is further argued that the court erred in submitting to the jury as a fact to be found, whether defendant had broken down the fence, counsel claiming that there was no evidence that defendant had done this. It is true that there was no direct testimony to the effect that defendant broke down or directed the breaking down of the fence inclosing the land upon which the logs were found, but a witness testified that he had seen a team belonging to defendant and in charge of his sons go through a gap in the fence and remove certain logs that were lying there and within the boundary of plaintiff's pasture, and that defendant was there at the time. One of the sons also testified that in what they did there, they were acting under the direction of the father. It is also in evidence that the father was there at the time. That was sufficient to warrant the court in submitting to the jury the question of whether defendant had broken the fence, the testimony, as we understand it, being that up to that time the pasture from which these logs were taken had been under fence and that it had been entered through this gap. At all events whether or not defendant broke down the fence himself or caused it to be done, the act of entering upon premises in possession of plaintiff, without his consent and against his will, was in itself

an act of trespass, and it cannot be said that this action should be one for conversion merely.

As their second point counsel for appellant admit that possession of land is sufficient to maintain an action for trespass but claim that defendant may dispute plaintiff's possessory right by showing that the title and possessory right are vested in himself. In support of this position counsel cite, among other cases, Barbarick v. Anderson, 45 Mo. App. 270, and Levy v. McClintock, 141 Mo. App. 593, 125 S. W. 546. We think this is the law and that the learned trial judge committed error in refusing to allow defendant to introduce his evidence which he offered as to title and right to possession of the premises from which the timber or a part of it at least is alleged to have been cut and removed and on which defendant offered to prove, as we understand the testimony and the offers, that the logs taken were situated at the time of the taking.

For this error we are obliged to reverse the judgment in the case. We see no other error in the case than the exclusion of this line of testimony. The judgment of the circuit court is reversed and the cause remanded. *Nortoni* and *Allen, JJ.*, concur.