Eugene L. WOLFF, in his capacity as Trustee Under Living Trust Agreement Dated October 26, 1972, Geraldine Deutsch, Grantor, etc., Plaintiff,

v.

HORIZON COMMUNICATIONS CORPORATION, et al., Defendants.

No. 84–49C(6).

United States District Court, E.D. Missouri, E.D.

Aug. 22, 1985.

Pat L. Simons, Thomas J. DeGroot, Popkin, Stern, Heifetz, Lurie, Sheehan, Reby & Chervitz, St. Louis, Mo., for plaintiff.

Daniel T. Rabbitt, Brown, James & Rabbitt, St. Louis, Mo., for defendants.

MEMORANDUM

GUNN, District Judge.

This matter is before the Court on defendants' motion for summary judgment of Counts III (trespass) and IV (conversion) of plaintiff's complaint. Defendants argue that these claims are barred by the five year statute of limitations.

The following facts are undisputed:

On June 23, 1976, plaintiff entered into contracts with Horizons Communications Corp. (HCC) for installation, operation and maintenance of cable television equipment in various apartment complexes owned by plaintiff in his capacity as trustee and general partner. HCC installed the equipment in all but one of the complexes before 1977. Installation in the last complex was carried out in June 1981. On September 30, 1982 plaintiff terminated the contracts and directed HCC to remove its equipment and restore the buildings to their former condition as per the terms of the contracts.

The present four-count action, arising out of acts allegedly committed by HCC in the course of installing and removing its equipment, was filed by plaintiff on January 9, 1984, against HCC and its successors by merger. Count I, against HCC for breach of contract, alleges that HCC failed to restore the plaintiff's property to its former condition as called for by the terms of the contracts. Count II states the same contract claim against the other two defendants. Count III, against all three defendants, sounds in trespass alleging that HCC maliciously exceeded its authority to enter onto plaintiff's property granted solely for the purpose of removing equipment

and restoring the property, by destroying fire walls, electrical lines and television service. Count IV for conversion, against the three defendants, alleges that HCC in the course of removing its equipment, maliciously took and converted equipment belong to plaintiff.

As both sides recognize, the governing statute of limitations for plaintiff's trespass and conversion claims is Mo.Rev.Stat. § 516.120(3) (1984) which provides for a five year limitations period. Under Mo. Rev.Stat. § 516.100 (1984), this limitation period begins to run "after the causes of actions shall have accrued; ... the causes of actions shall not be deemed to accrue when the wrong is done ..., but when the damage resulting therefrom is sustained and is capable of ascertainment."

Under Rule 56 of the Federal Rules of Civil Procedure, a movant is entitled to summary judgment if he can "show that there is no genuine issue as to any material fact and that (he) is entitled to a judgment as a matter of law." *Fed.R.Civ.P.* 56(c). In considering a motion for summary judgment, a court is required to view the facts and inferences which may be derived therefrom in the light most favorable to the non-moving party. *Buller v. Buechler*, 706 F.2d 844, 846 (8th Cir.1983)

*Count III—Trespass*

■ The evidence presented to the Court establishes that the damage to plaintiff's property for which recovery is sought in Count III and which, for purposes of considering this motion the Court assumes was inflicted by HCC, occurred during the course of installation of the cable equipment at the apartment complexes. Plaintiff's memorandum in opposition to defendants' motion for partial summary judgment so asserts at p. 2. As stated above, the equipment was installed in all but one of the complexes before 1977. The trespasses which occurred in connection with these installations are time barred.

Plaintiff's argument that under Rev.Mo. Stat. § 516.100 his cause of action for these trespasses did not accrue until later when he ascertained the damage to his property is without merit. For purposes of § 516.-100, "(d)amage is sustained and capable of ascertainment whenever it is such that it can be discovered or made known." *Kueneke v. Jeggle*, 658 S.W.2d 516, 517 (Mo.Ct. App.1983). Under this standard there can be no factual dispute that the damage complained of was discoverable after installation of the above mentioned equipment at each separate site. This is not a case where plaintiff's discovery of the damage was prevented by fraud or deception, *see, e.g., Knight v. M.H. Siegfried Real Estate, Inc.*, 647 S.W.2d 811, 815 (Mo.Ct.App.1982), or where continual damages are involved, *see, e.g., Linn Reorganized School Dist. v. Butler Mfg.*, 672 S.W.2d 340, 343 (Mo. banc 1984).

Nevertheless, Count III of plaintiff's complaint cannot be dismissed because the evidence does establish a possible trespass in June 1981, which is within the limitation period. At trial, plaintiff will be limited to proving and recovering only for the trespass allegedly committed during the course of the June 1981 installation.[1]

*Count IV—Conversion*

■ The pleadings and evidence before this Court establish a factual dispute as to when the alleged conversion of plaintiff's personalty occurred. Summary judgment of Count IV on the basis of the statute of limitations is therefore inappropriate at this time.

---

1. In his memorandum in opposition to defendants' motion for partial summary judgment, plaintiff alleges that defendants committed trespass by leaving behind certain receiving equipment after the termination of their right to maintain it on the apartment properties. Although this claim would not be time barred, it was not plead by plaintiff.