Nellie Sykes NIXON,
Plaintiff–Appellant,

v.

Mims WILLIAMSON, Jr.,
Defendant–Respondent.

No. 52328.

Missouri Court of Appeals,
Eastern District,
Division Four.

Oct. 27, 1987.

Motion for Rehearing and/or Transfer Denied Dec. 2, 1987.

Application to Transfer Denied
Jan. 20, 1988.

---

Ernest L. Keathley, Jr., St. Louis, for plaintiff-appellant.

Mims Williamson, Jr., pro se.

GRIMM, Judge.

In this court tried case, Nellie Sykes Nixon appeals the judgment in favor of defendant Mims Williamson, Jr. Nixon claims ownership of all of lot six in Dutcher's Subdivision in East St. Louis, Illinois, while Williamson claims ownership of the northeast one hundred feet of lot six. We affirm.

Briefly, the evidence indicated that Josephine Sykes, Nixon's aunt, in 1971 received a quit-claim deed to lot six. Sykes lived on the property until 1978 when the house burned. She then moved to a nursing home. In 1981, Sykes died. According to Nixon's testimony, the lot was left to her by her aunt's will. However, neither the will, nor any other probate proceedings were offered in evidence. Although Nixon never occupied the lot, she said she paid the property taxes on the lot since 1981.

Williamson, on the other hand, said he received title to the northeast one hundred feet of lot six, along with other property, from the Regional Board of School Trustees of St. Clair County, Illinois, in 1980. In 1981, Williamson, who operates a concrete products business, erected two chain-link fences on his portion of the land. Also, in 1981, he built a conveyor belt which extends over his claimed portion of lot six, and began parking trucks on the same part of the lot.

The trial court ruled that Nixon did not meet her burden of proof in establishing her trespass action against Williamson. It held that she did not adequately show that she had "any ownership interest to the part of the property" in question. Further, the trial court, in announcing its decision from the bench, said that plaintiff had not made "a semblance of showing, with one exception, a semblance of showing of a right to possession, control, a hint of ownership."

■ The standard of review of a court tried case is that the decree or judgment of the trial court will be sustained by the appellate court unless there is no substantial evidence to support it, unless it is against the weight of evidence, unless it erroneously declares the law or erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30 (Mo.1976).

■ The gist of an action for trespass is violation of possession, not challenge to title. Title enters the picture only when it is relied on by one of the parties to establish "constructive" possession. *Schroeder v. Ziegelman*, 443 S.W.2d 16, 18 (Mo.App. 1969). Here, Nixon acknowledged that she had not been in actual possession of lot six. In addition, the trial court, found, in effect,

that she did not have constructive possession when it found that her proof of ownership was inadequate. Thus, Nixon did not establish either actual or constructive possession of any part of lot six. Accordingly, we affirm.

Since Nixon did not meet her burden of proof, her claim that the trial court erred in allowing Williamson to present affirmative evidence of his title when his answer contained only a general denial is moot. A general denial is sufficient to permit evidence which is inconsistent with the plaintiff's petition. *Hardwick v. Cox*, 50 Mo. App. 513 (1892), *See also Hoelmer v. Heiskell*, 359 Mo. 236, 221 S.W.2d 142, 144 (1949); *Bergman v. Vogt's Adm'r*, 172 Mo. App. 61, 154 S.W. 449, 450 (1913).

SIMON, P.J., and CRANDALL, J., concur.