**Donald JAYCOX, Plaintiff–Respondent,**

v.

**E.M. HARRIS BUILDING COMPANY, Defendant–Appellant.**

No. 53711.

Missouri Court of Appeals, Eastern District, Division Three.

Aug. 9, 1988.

Francis J. Vatterott, St. Ann, for defendant-appellant.

Thomas A. Spoon, St. Louis, for plaintiff-respondent.

KELLY, Judge.

E.M. Harris Building Company ("builder") appeals the judgment entered after a bench trial where the court found in favor of respondent Donald Jaycox ("Jaycox") in a trial de novo on an action originally filed in small claims court by Jaycox against builder. The trial court awarded Jaycox damages totalling $1,000.00. We reverse.

In March 1985 Jaycox entered into a contract with builder to buy a new home to be constructed by builder in St. Louis County. The purchase price for the home and lot was $116,705.00. At the time of the execution of the contract, Jaycox paid $1,000.00 earnest money deposit. Sometime during the construction of the home, Jaycox was given a master key to the property by builder's salesman. Jaycox did not live in the premises under construction nor did the contract provide for his right to possession of the residence prior to closing. On or about September 28, 1985, approximately two weeks before the scheduled closing, builder's employee bulldozed a path through the wooded section in the rear of the lot, knocking down several trees. Builder refused Jaycox's request to replace the destroyed trees. After the parties closed on the property around the middle of October, Jaycox filed his action against builder for damages to the property and trees. The parties on appeal, as well as in small claims and at the trial de novo, have treated the action as one sounding in trespass.

In ruling in favor of Jaycox, the trial court candidly admitted difficulty with the issue of possession. It acknowledged Jaycox's position that he had "an equitable interest in this property and the Defendant is merely holding the completed title as trustee for him." The court specifically

stated that "there was a waiver by Defendant in giving to him, at least an ostensible indicia of possession, keys to the building, keys to the house, whether it was to hang drapes, et cetera; ... but I feel that the weight of the factual evidence supports an acquiescence or waiver as to possession." The court further expressed consternation in denying Jaycox recovery for trees knocked down by the builder when Jaycox had paid a premium of $500.00 for a lot with trees. The trial court concluded by awarding Jaycox $500.00 actual damages and $500.00 for damages to the aesthetic view of the property.

The standard of review in a court-tried case is that the decree or judgment of the trial court will be sustained by the appellate court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law or erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32[1] (Mo. banc 1976); *Nixon v. Williamson*, 741 S.W.2d 745, 746[1] (Mo. App.1987).

Builder raises two points on appeal challenging submissibility and damages. The issue dispositive of this appeal is builder's contention that Jaycox failed to establish he had possession of the premises when the alleged trespass occurred.

■ The gist of an action for trespass is violation of possession, not challenge to title. *Nixon*, 741 S.W.2d at 746[1]. Jaycox had the burden of proving that he was rightfully in possession as against builder at the time of the trespass. *Hoelmer v. Heiskell*, 359 Mo. 236, 221 S.W.2d 142, 144[3] (1949); *Poole v. Roloff*, 361 S.W.2d 340, 345[8] (Mo.App.1962). While we have observed that the rule in England has always been that actual possession is necessary, we have further stated that "[t]he possession required to maintain an action in trespass does not mean occupancy of the property in question and constructive possession is sufficient to meet the requirement." *Prater v. Stubblefield*, 483 S.W.2d 669, 672 (Mo.App.1972) (*quoting Allen v. Wehrman*, 204 S.W.2d 464, 467[6] (Mo.App. 1947)). A defendant in such an action may dispute a plaintiff's possessory right by showing title and the possessory right in

himself. *Hoelmer*, 221 S.W.2d at 144[2]; *Poole*, 361 S.W.2d at 345[8].

Jaycox did not physically occupy the property at the time builder destroyed some of the trees on the lot. Having conceded he did not have actual possession, he argues that he had constructive possession because he had a master key given to him by builder's salesman to permit him to inspect the house. He argues that builder's actions in giving him the master key was an "indicia of possession" so that he had constructive possession.

We disagree.

The parties do not dispute that builder held the record title of the property at the time of the alleged trespass. Jaycox was a buyer under contract for purchase of the house and lot. The parties had not closed under the contract at the time of the alleged trespass and neither the sales contract nor any other writing gave Jaycox the right of possession prior to closing.

■ Builder's action in giving Jaycox a key to inspect the premises, or to measure for drapes as builder testified, does not vitiate the sales contract providing no right to possession until closing. While it is true the seller is free to relinquish his right of possession prior to closing, *see e.g. Vatterott v. Kay*, 672 S.W.2d 733, 734[1] (Mo.App. 1984), we do not construe builder's action in merely giving Jaycox a master key to enter the premises as conferring possession upon Jaycox constructively in derogation of the written sales contract and builder's right, as legal owner, to possession.

■ We recognize that where builder and Jaycox, as vendor and purchaser, enter into a sales contract, and have bound themselves by agreement to convey land and to pay for it, equity regards the purchaser as equitable owner of the property and the vendor holds legal title in trust for him. *See Schmidt v. City of Tipton*, 89 S.W.2d 569, 572[3] (Mo.App.1936). Nevertheless, as a general rule, where the equitable title rests upon an executory contract of purchase which has not been completely performed by the purchaser, his right to maintain a trespass action against the owner of the legal title depends upon his right of possession under the contract. 75 Am.

Jur.2d *Trespass* § 27 (1974). On the other hand, one claiming under an executory contract conferring no right of possession may not maintain the action against the owner of the legal title before payment of the purchase price. *Supra.*

The only function of the equitable title is to draw to itself the constructive possession which, in the absence of actual possession, is essential to the maintenance of the action. *Supra.* Before the purchaser has become absolutely entitled to a conveyance, the efficacy of an executory contract to create a constructive possession is dependent upon the question whether or not the contract gives him the right to possession. *Supra.* In *Prater v. Stubblefield,* 483 S.W.2d at 672, we acknowledged that "[o]rdinarily a purchaser of land is not entitled to possession until he has obtained his deed, unless the contract of sale confers a right of possession prior to that time."

Jaycox admitted that the contract conferred no right to possession of the premises by him until the specified closing. Builder had legal title to the property. Neither party inhabited the premises. When real estate is not actually possessed or occupied by another, legal title is said to annex or draw to it such constructive possession. *Barnhart v. Ripka,* 297 S.W.2d 787, 790 n. 5 (Mo.App.1956). Thus, in the case at bar, builder had constructive possession of the unoccupied premises. Builder's constructive possession, coupled with its legal title and the sales contract specifying no right to possession by Jaycox until the parties closed in October, defeats any possessory right by Jaycox to succeed in a trespass action against builder. The trial court's expressed concern that Jaycox should have legal recourse against builder is understandable; however, the possessory action sounding in trespass was not the proper remedy for builder's waste.

Judgment reversed.

KAROHL, P.J., and SMITH, J., concur.