**Brent L. MOTCHAN and Marilynn A. Motchan, Appellants,**

v.

**STL CABLEVISION, INC., Respondent.**

No. 57816.

Missouri Court of Appeals,
Eastern District,
Division Five.

Sept. 25, 1990.

John J. Larsen, Jr., St. Louis, for claimant-appellant.

Preston E. Roskin, Clayton, for employer-respondent.

## ORDER

Employee appeals from a final order by the Labor and Industrial Relations Com-

Brent L. Motchan, Chesterfield, for appellants.

Husch, Eppenberger, Donohue, Cornfeld & Jenkins, Alene V. Haskell, St. Louis, for respondent.

SIMON, Judge.

Appellants, Brent L. and Marilynn A. Motchan, appeal the summary judgment entered in their trespass action against respondent, STL Cablevision, Inc. We reverse and remand.

Initially, we recognize that:

[r]eview of summary judgment is equivalent to review of a court-tried case and, if, as a matter of law the judgment is sustainable on any theory, the judgment of the trial court will be sustained. Review is made of the entire record in a light most favorable to the party against whom summary judgment is entered. The reviewing court first determines whether there is any genuine issue of material fact requiring trial and then determines whether the judgment is correct as a matter of law. The moving party has the burden to show that he is entitled to judgment as a matter of law.

*J.R. Green Properties, Inc. v. Meixner,* 778 S.W.2d 342, 343[1] (Mo.App.1989), *quoting Hayes v. Hatfield,* 758 S.W.2d 470, 472[1] (Mo.App.1988).

The facts are as follows. Appellants own real estate in the City of St. Louis which contains a four-family dwelling. Appellants do not live on this property but rent it to tenants. In 1986, respondent installed video transmission lines and cables across the property and into the building at the request of one of appellants' tenants. This installation necessitated driving nails and drilling holes in the building to support the lines and cables. In October, 1986, respondent removed the lines and cables.

On November 17, 1986, appellants filed a trespass action against respondent. Their petition alleged: (1) they owned the real estate and improvements in question; (2) they refused to give permission for installation of cable service and (3) respondent's employees entered onto the real estate, causing damage by trampling the grass, drilling holes, and driving nails into the walls. Appellants also complained that respondent left the building unsightly and damaged when it removed the cables and lines. Appellants requested $2,000 in actu-

al damages and $2,000,000 in punitive damages.

Respondent filed a motion to dismiss, claiming appellants' action was preempted by federal law, 47 U.S.C. Section 541(a)(2)(C) (1984), which requires cable television companies to compensate property owners for damage incurred when removing and installing cable in public rights-of-way and easements dedicated for compatible uses. The court denied this motion.

Respondent filed its answer, generally denying the allegations of appellants' petition. As part of its answer, respondent raised an affirmative defense, alleging appellants did not state a claim upon which relief could be granted because: (1) respondent received permission to enter the property from a person in possession; (2) the acts complained of were done by a third party; (3) appellants waived the alleged claim; and (4) consent was given for all acts done. Subsequently, respondent filed a motion for summary judgment. Essentially, respondent, relying on *Jaycox v. E.M. Harris Bldg. Co.*, 754 S.W.2d 931, 933 (Mo.App.1988); *Hoodenpyle v. Tractor Indus., Inc.*, 595 S.W.2d 309, 313[1] (Mo.App. 1979), argued that appellants were not entitled to pursue a trespass action because they cannot recover for trespass to rented property since they were not in possession. In support of its motion, respondent submitted a portion of Marilynn Motchan's deposition stating that the four-family dwelling had been fully rented since appellants purchased it. Appellants did not file a response to this motion, and the trial court granted respondent's motion for summary judgment.

■ The crucial issue is whether appellants may maintain an action against a third party for trespass to their rented property. We note that "[h]istorically, a trespass action operated to protect the proprietary interest of the owner or possessor of land." 5 R. Powell & P. Rohan, *Powell on Real Property* Section 706[3] (1990). At common law, an action by the owner of

land for injuries to the reversion, when the land was leased to tenants, was an action of trespass on the case. The tenant would file a trespass action for an injury to his possessory interest. *Fitch v. Gosser*, 54 Mo. 267, 270 (1873). Notwithstanding possession of land by a lessee, a landlord may sue a wrongdoer in trespass for damage to the freehold. *Ritchie v. State Board of Agriculture*, 219 Mo.App. 90, 266 S.W. 492, 495[5] (1924). Where the owner is out of possession and the premises are in the exclusive possession of the tenant, the owner cannot recover in trespass for a wrong against possession; he may, however, have a cause of action against the trespasser for damage to the reversion. *Thompson v. Granite Bituminous Paving Co.*, 199 Mo. App. 356, 203 S.W. 496, 498[3–5] (1918). The action by a landlord for injury to the reversion is technically not an action of trespass, but one of trespass on the case. *Fitch*, 54 Mo. at 270. The distinction is of no importance in Missouri. *Id.* Other jurisdictions have recently recognized a landlord's ability to bring trespass actions for damage to the reversion. *Lal v. CBS, Inc.*, 726 F.2d 97, 100[3] (3rd Cir.1984) (applying Pennsylvania law); *Smith v. Cap Concrete*, 133 Cal.App.3d 769, 184 Cal.Rptr. 308, 310[2] (1982); *Merz v. Professional Health Control of Augusta, Inc.*, 175 Ga. App. 110, 332 S.E.2d 333, 335 (1985).

Recently, in *Wolff v. Horizon Communications Corp.*, 614 F.Supp. 1224 (E.D.Mo. 1985), an apartment complex owner brought an action in trespass for damages incurred in the installation and removal of cable equipment. The court dismissed two counts because the statute of limitations had run, but noted that the third count "... cannot be dismissed because the evidence does establish a possible trespass in June 1981." Although *Wolff* turns on a statute of limitations issue, by implication it indicates that a landlord may maintain a trespass action against a cable television company. At least one other jurisdiction has produced caselaw specifically recognizing a landlord's viable trespass action against a cable company which installed

service to rental property. *UA–Columbia Cablevision of Westchester, Inc. v. Fraken Builders, Inc.*, 114 A.D.2d 448, 494 N.Y. S.2d 718, 720[2] (1985). *See also, Loretto v. Teleprompter Manhattan CATV Corp.*, 458 U.S. 419, 102 S.Ct. 3164, 73 L.Ed.2d 868 (1982) (a New York statute requiring landlords to install cable television lines resulted in a taking of the landlord's property). Respondent cites *Jaycox, supra,* and *Hoodenpyle, supra,* for the proposition that appellants had no possessory interest and therefore may not maintain an action in trespass. *Jaycox* involved a dispute pursuant to a contract where the premises were unoccupied. The court determined that, as between two parties who were both out of possession, the builder had constructive possession over the purchaser. The court stated that the "... builder had constructive possession of the unoccupied premises ..."; it did not state that an owner's possessory interest is limited to unoccupied premises as respondent contends. *Jaycox,* at 934[7, 8]. In *Hoodenpyle,* the court noted that an action in trespass to the possessory interest requires a showing of actual or constructive possession. The facts revealed the landlord failed to exhibit any claim to superior right of possession and made no entry onto the property which was vacated by the lessee. The court found no evidence to support a finding that the landlord exercised sufficient possessory rights to maintain a trespass action against lessee's creditors. *Hoodenpyle,* at 313[1]. *Hoodenpyle's* principle is not applicable to the factual situation here. Thus, we conclude that appellants may maintain an action in trespass for damage. The trial court erroneously applied the law.

■ Appellants offer an alternate theory for stating a claim upon which relief can be granted which we will now address. Appellants contend they retained a possessory interest in the common areas and have a cause of action for trespass on that basis. This contention is based on the doctrine that when a landlord leases parts of a building to different tenants, he retains control of the areas used in common and has a duty to repair and keep those areas safe. *Jackson v. Ray Kruse Const. Co., Inc.*, 708 S.W.2d 664, 667[1, 2] (Mo. banc 1986).

When a tenant is in full possession of the premises, the landlord will have no liability for injuries occurring therein, but when the landlord reserves some area for common use, he may be liable. *Sirna v. APC Bldg. Corp.*, 730 S.W.2d 561, 564[1] (Mo.App. 1987), *citing Janis v. Jost,* 412 S.W.2d 498, 503 (Mo.1967). The landlord's duty and liability in such cases is "... predicated upon the existence of a duty of a possessor of land to exercise reasonable care to keep his property in reasonably safe condition for permissible entrants." R. Schoshinski, *American Law of Landlord and Tenant,* Section 4.4 (1980). This retention has been described as *possession and control* of the common areas remaining in the landlord, with the tenants having permission to use but not occupy them. W.P. Keeton, *Prosser and Keeton on Torts,* Section 63 (5th ed. 1984).

The landlord retains, as to the tenants, possession and control of the common areas. *Morelock v. De Graw,* 234 Mo.App. 303, 112 S.W.2d 126, 130[1] (1937). In an early case discussing this issue, *McGinley v. Alliance Trust Co.*, 168 Mo. 257, 66 S.W. 153, 154 (1901), our supreme court stated that the common areas are not part of the premises rented and that by virtue of his estate the landlord has a right to enter on the common areas to make repairs. Unless the parties have agreed otherwise, tenants have no power to make repairs in these areas or to prevent the landlord from making the repairs. *Id.*

Respondent cites *Lemm v. Gould,* 425 S.W.2d 190 (Mo.1968), for the proposition that the landlord's responsibility to maintain common areas safely arises short of possession and thus argues the fact that appellants might be required to maintain the common areas does not mean they had possession for trespass purposes. Respondent misreads *Lemm.* That case involved

an injury caused by a dangerous porch accessible from only one apartment in a multi-family dwelling. The landlord retained a key to the apartment for the purposes of making any necessary repairs in the apartment. The portion of the case which respondent cites discussed whether the landlord's reservation of the right to enter and make repairs in the *leased premises* resulted in the possession necessary to impose liability for the injury which occurred there. *Id.* at 195. (Emphasis ours). *Lemm* is not of assistance since here the factual situation revolves around the common areas, not the rental premises.

Occupancy of a unit in a multi-family dwelling does not entitle the tenant to exercise control over the gas lines running into and through the dwelling; that right remains with the landlord and the tenant has "... possession of nothing more than the rooms of [the] apartment and the use of the appliances." *Minton v. Hardinger*, 438 S.W.2d 3, 7 (Mo.1968). The same applies to control of the heating, electrical and plumbing systems. *Niman v. Plaza House, Inc.*, 471 S.W.2d 207, 211[1] (Mo. banc 1971). These services are analogous to cable installation and maintenance. It follows that a tenant does not have control of the common areas and thus does not possess them. We conclude that a landlord, who retains control of common areas in a multi-tenant building, also retains possession of those areas so as to support an action for trespass to the common areas.

■ Respondent also asserts it was entitled to summary judgment because appellants failed to respond to the summary judgment motion. It is true that a party may not rest on its pleadings when the adverse party files a motion for summary judgment. Rule 74.04(e); *Landmark North County Bank & Trust Co. v. National Cable Training Centers, Inc.*, 738 S.W.2d 886, 889 (Mo.App.1987). Failure to so respond, however, merely means that the facts set forth in supporting affidavits are deemed admitted; if the admitted facts fail to rebut all material issues in the pleadings, summary judgment is not proper. *Jones v. Maness*, 648 S.W.2d 629, 632[4] (Mo.App.1983).

Here, the fact raised in respondent's motion is that the apartments in the building have been fully rented since appellants owned it. The motion basically relies on respondent's legal proposition that the landlord of a fully rented, four-family building cannot maintain an action for trespass. The summary judgment motion did not counter the factual allegations in appellants' petition; it merely established an additional fact, i.e., the building has been fully rented during the entire period of appellants' ownership. Respondent argues that appellants failed to provide factual support for any of the assertions relating to the existence or location of common areas. Appellants have pleaded that respondent entered on the land, drilled holes and drove nails into the improvements and installed aerial cable and transmission lines across the appellants' property and subsequently re-entered and removed the cable and lines. Thus, reviewing the amended petition's allegation of facts and its reasonable inferences in a light most favorable to appellants, it is sufficiently clear that appellants allege facts relating to the common areas, i.e., the exterior walls of the building. *See* 52 C.J.S. Landlord and Tenant Section 417(7–11). Therefore, appellants have raised factual issues which have not been put to rest by respondent's motion for summary judgment and its attached exhibits.

■ Finally, respondent claims appellants' petition failed to state a claim upon which relief can be granted because the Cable Policy Communications Act of 1984, 47 U.S.C. Section 541 (1984), preempts common law trespass claims against franchised cable television operators. Since this is a jurisdictional question we shall address it. *In re Estate of Simmermon*, 601 S.W.2d 691, 693[3] (Mo.App.1980).

The Cable Act provides that only state law which is "... inconsistent with this

chapter shall be deemed to be preempted and superseded." 47 U.S.C. Section 556(c) (1982 & Supp. III 1985). The Cable Act further provides that individuals may bring a cause of action against cable operators in federal or state court. *Id.* at Section 555(a)(2). The legislative history of the Cable Act reveals that Congress specifically excluded a provision that would require landowners to give cable operators access to multi-unit dwellings. 130 Cong.Rec. H10444 (daily ed. Oct. 1, 1984) (statement of Rep. Fields). *See also Cable Inv., Inc. v. Woolley,* 867 F.2d 151 (3rd Cir.1989) (the Cable Act does not require a landlord to grant cable companies access to multi-unit dwellings, even if public rights-of-way or easements lead up to the building).

The only Missouri case which has considered a trespass action against a cable operator is *Henley v. Continental Cablevision,* 692 S.W.2d 825 (Mo.App.1985). While the motion to dismiss was granted, the issue in *Henley* was whether a landlord could apportion use of utility easements and did not address trespass outside the easements. The court's ruling was consistent with the guidelines of the Cable Act, just as our decision today comports with the act. We conclude that the Cable Act does not preempt an action for trespass to areas outside the public rights-of-way.

Since respondent is not entitled to a judgment as a matter of law, the trial court's grant of summary judgment is reversed and the cause remanded.

CRANDALL and REINHARD, JJ., concur.