United States Court of Appeals,

Eleventh Circuit.

No. 94-7139.

COLONIAL PROPERTIES, INC., a corporation, Inverness Family Medical Center Partners, Ltd., a limited partnership, Plaintiffs-Appellees,

v.

VOGUE CLEANERS, INC., a corporation, Edward N. Burg, Defendants-Appellants.

Edward N. Burg, Jr., Margaret A. Burg, Defendants,

Richard S. Burg, Defendant-Appellant.

June 26, 1996.

Appeal from the United States District Court for the Northern District of Alabama. (No. CV 92-A-2325-S), William M. Acker, Jr., Judge.

Before EDMONDSON, DUBINA and BARKETT, Circuit Judges.

DUBINA, Circuit Judge:

In a previous opinion, we certified the following question to the Alabama Supreme Court:

> Whether, under the facts of this case, Alabama law allows a landlord to maintain a cause of action for trespass against a tenant for damage to a common area.

*Colonial Properties, Inc. v. Vogue Cleaners, Inc.,* 77 F.3d 384, 387 (11th Cir.1996) (*Vogue Cleaners I* ). On May 13, 1996, we received notice from the Alabama Supreme Court that it has declined to answer the certified question. Accordingly, we proceed to dispose of this case. *See Wammock v. Celotex Corp.,* 835 F.2d 818, 820 (11th Cir.1988) ("The Georgia Supreme Court declined to answer [our] certified question.... Consequently, the case is back before us for resolution.");  *Wood v. Old Sec. Life Ins. Co.,* 643 F.2d

1209, 1216 (5th Cir. Unit A May 1981)   [1]  ("This  question  was
certified to the Alabama Supreme Court ..., but that court declined
to answer it.  Accordingly, we must attempt to decide the question
as we believe the Alabama Supreme Court would if the question were
raised in a state court proceeding.").

In light of our opinion in *Vogue Cleaners I,* the only
remaining issue in this appeal is whether the district court
correctly held that Alabama law recognizes a cause of action by a
landlord against his or her tenant for trespass to common areas.
*See id.*  Unable to find an Alabama or Eleventh Circuit case on
point, the district court referred to Missouri law for guidance.
Under Missouri law, a landlord may be held liable for injuries
occurring in common areas.  *See Motchan v. STL Cablevision, Inc.,*
796 S.W.2d 896, 899 (Mo.Ct.App.1990).  As the  *Motchan* court
explained, the landlord's liability in such cases is predicated on
the landlord's retention, *vis-à-vis* the tenants, of a degree of
control and possession over the common areas.  *See id.*  The *Motchan*
court reasoned that if a landlord retains sufficient possession
over common areas to be held liable for injuries occurring in those
common areas, then the landlord also retains sufficient possession
over common areas to maintain an action for trespass.

We agree with the district court that the decision in *Motchan*
is well reasoned.  As in Missouri, Alabama law assigns liability to
landlords for injuries that occur in common areas.  *See Gentle v.*

---

[1]In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th
Cir.1981) (en banc), this court adopted as binding precedent all
decisions of the former Fifth Circuit handed down prior to
October 1, 1981.

*Pine Valley Apartments,* 631 So.2d 928, 932 (Ala.1994) ("Our cases have long recognized the rule that a landlord has the duty to maintain common areas in a reasonably safe condition in order to avoid liability for *injury* to a tenant or a guest.") (citations omitted) (emphasis added).  It would be illogical to hold that the landlord's possession of common areas is sufficient to enable the landlord to be sued for injuries to tenants occurring therein, but insufficient to enable the landlord to sue the tenants for trespass to the common areas.  Thus, we hold that, under the facts of this case, a landlord may maintain a cause of action for trespass against a tenant for damage to a common area.  Accordingly, we affirm that portion of the district court's order granting partial summary judgment in favor of the Plaintiffs on the issue of the Defendants' liability to them for trespass.

AFFIRMED.