David J. MEEKER and Barbara A. Meeker, Plaintiffs–Appellants,

v.

Harold W. GRISSUM and Mary Alice Grissum, Defendants–Respondents.

No. 21774.

Missouri Court of Appeals, Southern District, Division Two.

April 21, 1998.

George L. Gundy, Reeds Spring, for Appellants.

Mark C. Fels, Gregory J. Smith, Smith & Fels, Springfield, for Respondents.

SHRUM, Judge.

This is a common law trespass case. Plaintiffs allege that Defendants interfered with their lawful right to possession of boat slip No. 5, dock 7709, Table Rock Lake. The trial court found for Defendants. Plaintiffs appeal. We affirm.[1]

---

**1.** Collectively, we refer to David J. Meeker and Barbara Meeker as Plaintiffs. When necessary to refer to them individually we do so as "David" and "Barbara." Likewise, when referring to both Harold W. and Mary A. Grissum we call

Appellate review of a non-jury trespass case, as with other non-jury cases, is found in Rule 73.01(c).[2] As that rule is interpreted, the judgment of the trial court is to be affirmed unless there is no substantial evidence to support it, unless it is against the weight of the evidence or unless it erroneously applies or declares the law. *Murphy v. Carron*, 536 S.W.2d 30, 32[1] (Mo.banc 1976); *Jordan v. Stallings*, 911 S.W.2d 653, 656 (Mo.App.1995). The trial court's judgment is presumed valid and the burden is on appellant to demonstrate its incorrectness. *Humphrey v. Sisk*, 890 S.W.2d 18, 20[2] (Mo.App. 1994). Due regard is given to the trial court to determine the credibility of witnesses. Rule 73.01(c)(2). All fact issues upon which no findings are made shall be considered as having been found in accord with the result. Rule 73.01(a)(3).

## FACTS

The United States Army Corps of Engineers (Corps) has promulgated a shoreline management plan for Table Rock Lake. Included in that plan is a community dock located in Cool Water Cove in Stone County designated as dock No. 7709.

The Corps issues permits for community docks in this lake. Each dock permit must list a "person designated in an association agreement, or similar document, as the authorized representative for the slip owners in the dock." Moreover, each individual who owns a boat slip or stall in a particular dock must supply evidence of his or her ownership to the "authorized representative." If the alleged owner's evidence meets the Corps' requirements, the dock representative informs the Corps of the new ownership. Thereon, the Corps puts the new owner on its list of boat slip ownership.

During the period pertinent here, the representative for dock No. 7709 was A.D. Davis.

Under the Corps' regulations, individual boat-slip contracts of purchase must be nota-rized. The suggested contract form in the Corps publication shows an acknowledgement similar to that in deed forms.

The Corps' ownership lists for slip 5, dock No. 7709 show the following as successive owners: C. Shaver, Bobbi Bydalek, and Hal Grissum.[3] Plaintiffs are not named in these records as ever owning this slip.

Plaintiffs' trespass suit against Defendants over slip 5, dock 7709 has its genesis in an individual named Bobbi Bydalek.

In July 1993, Bydalek owned a "lake house" on a "double lot" in Cool Water Cove subdivision. When Bydalek asked Defendants to lend her money, she represented that this property included the subject boat slip. Defendants made the loan and received in return a note and deed of trust that included the Cool Water Cove property. However, loan documents made no specific reference to the boat slip.

In February 1996, Defendants foreclosed on Bydalek's property. Promptly, the foreclosure-trustee signed a "certificate of sale" which recited: "I ... certify that [Defendants] ... on ... February [26,] 1996, purchase[d] at ... trustee's sale ... boat slip number 5 ... at Dock No. 7709 on Table Rock Lake, Missouri...." This document along with Defendants' "Missouri Watercraft Registration Certificate" were mailed to A.D. Davis (dock representative) on March 15, 1996. Exactly when Davis sent Defendants' documents to the Corps is not clear. It is clear that the Corps received Defendants's documents and thereon listed "Hal" Grissum as owner of slip No. 5. Plaintiffs themselves agree that Defendants were listed on the Corps' records as owners of the slip after March 1996.

After foreclosure on the Bydalek property, Defendants made arrangements to have a boat lift moved from another location on Table Rock Lake to slip 5, dock 7709. On April 22, 1996, Harold went to Cool Harbor Cove to inform a Mr. Clayman, a dock over-

them Defendants. Individually, we refer to them as "Harold" and "Mary."

2. Rule references are to Missouri Rules of Civil Procedure (1996).

3. There is evidence that Harold Grissum was also known as "Hal" Grissum.

seer, about the boat lift. Harold then learned that Plaintiffs "had showed up and claimed that they owned the boat slip." The next day, April 23, Harold returned to dock 7709 and removed Plaintiffs' boat and their sign from the subject boat stall. Defendants continued with their plan to have the boat lift installed in slip 5. They also placed their boat in the slip and put up a sign containing their name. In May 1996, the Stone County sheriff levied execution on whatever interest Bobbi Bydalek had in boat slip 5 and sold it to Defendants.[4]

At trial, Plaintiffs claimed entitlement to possession of slip 5 because they bought it from Bobbi Bydalek in November 1995. They placed in evidence Western Union money orders payable to Jean Braico and Dorothy Cronin—not Bydalek—which they claimed were payments to Bydalek for the boat slip. They testified that the payments to Bydalek were funneled through Bydalek's relatives at her request.

Plaintiffs also put in evidence a facsmilie transmission copy of an unacknowledged bill of sale purportedly signed by Bydalek. This document bore no transmission date and Barbara conceded Plaintiffs did not have a copy of this bill of sale containing Bydalek's original signature. Barbara also admitted that she—not Bydalek—had written the number "5" and the word "Shaver" on the fax-copy bill of sale.

The trial court allowed in evidence an affidavit purportedly signed by Bobbi Bydalek on July 9, 1996, stating that she had sold the subject boat slip to Plaintiffs on November 10, 1995. Plaintiffs obtained this affidavit because Defendants took possession of the boat slip in April 1996 and Plaintiffs were unable to register their alleged ownership with the Corps via the fax-copy bill of sale.

Plaintiffs admitted that, despite their claim to own slip 5 since November 1995, they never claimed the slip as their own when they prepared sworn personal property assessment lists for 1996 and 1997. Consequently, they never paid personal property taxes on the slip. Plaintiffs also admitted they never paid fees associated with owner-

ship of the slip, i.e., maintenance fees, insurance, or electric bills.

The trial court made general findings of the issues in favor of Defendants and against Plaintiffs. This appeal followed.

## DISCUSSION AND DECISION

■■■ The essence of an action for trespass is violation of possession, not challenge to title. *Nixon v. Williamson*, 741 S.W.2d 745, 746[2] (Mo.App.1988). To support an action for trespass, the party making the claim must have the legal right to possession. *City Bank & Trust Co. of Moberly v. Thomas*, 735 S.W.2d 121, 122[4] (Mo.App.1987).

■■ Here, Plaintiffs' only claim to lawful possession of this boat slip arises from their claim of ownership. Specifically, Plaintiffs' single point maintains that they introduced substantial evidence that they owned the boat slip and, therefore "had a right to immediate possession of same." We have carefully studied the 133–page transcript and the many exhibits in evidence. Although the record contains evidence arguably sufficient to support a judgment awarding Plaintiffs damages from Defendants for trespass, we remind Plaintiffs that the trial court was not obliged to accept such evidence as true. The trial judge obviously disbelieved Plaintiffs' evidence that they bought the boat slip from Bydalek, which was a finding he was entitled to make. See *In Re Estate of Campbell*, 939 S.W.2d 558, 564[14–17] (Mo.App.1997). The credibility of witnesses is a question for the trier of fact and we defer to the trial court's findings regarding a witness's lack of credibility. *Nieberg Real Estate v. Taylor–Morley–Simon*, 867 S.W.2d 618, 626[9] (Mo.App. 1993). These rules are especially applicable when, as here, documentary evidence that might have supported Plaintiffs' testimony is missing, i.e., assessment lists signed by Plaintiffs claiming ownership or registration of Plaintiffs' claimed ownership with the Corps.

Measuring the evidence by the standards set forth above, we find the judgment, re-

4. The execution was on a money judgment earlier entered in favor of Defendants and against Bydalek. The judgment arose out of litigation over Defendants' loan to Bydalek.

viewable under Rule 73.01, is supported by substantial evidence, is not against the weight of the evidence, and neither erroneously declares the law nor erroneously applies the law. Plaintiffs' single point is denied.

The judgment of the trial court is affirmed.

PARRISH, P.J., and MONTGOMERY, C.J., concur.